PER CURIAM.
 

 Appellant entered an open plea of no contest to (I) Burglary of a Dwelling, (II) Dealing in Stolen Property, and (III) Grand Theft. He was sentenced to 30 years in prison as a habitual offender on Counts I and II and 10 years as a habitual offender on Count III. The trial court suspended the sentence, granted a downward departure, and placed appellant on two years of community control, followed by three years probation, as a habitual offender. Shortly thereafter, appellant’s community control was revoked for multiple violations, including failure to complete the drug/alcohol residential treatment program. The trial court sentenced him to 30 years in prison as a habitual offender on Counts I and II and 10 years in prison as a habitual offender on Count III.
 

 Appellant asserts that his sentences for dealing in stolen property and grand theft violated the prohibition against double jeopardy. We hold instead that his convictions and sentences for both theft and dealing in stolen property in connection with this single scheme or course of conduct were prohibited by section 812.025, Florida Statutes (2010).
 
 See Hall v. State,
 
 826 So.2d 268, 271 (Fla.2002) (holding that trial courts are statutorily prohibited from adjudicating a defendant guilty, pursuant to a plea of nolo contendere, of both theft and dealing in stolen property in connection with one scheme or course of conduct).
 

 We disagree, however, with appellant’s other two arguments: (1) that his 30-year sentences on Counts I and II were due to
 
 *797
 
 the trial court’s failure to understand it had discretion in sentencing him, and (2) that the sentence was unlawful because it was not one of the recognized sentencing alternatives in Florida. The record refutes appellant’s claim that the trial court misunderstood that it had discretion to sentence appellant to less than thirty years in prison, the maximum term of his suspended sentence. Further, the suspended sentence imposed by the court was one recognized by the Florida Supreme Court in
 
 Poore v. State,
 
 531 So.2d 161 (Fla.1988).
 

 For the reasons stated above, we remand with directions that appellant’s conviction and sentence be vacated on either Count II (Dealing in Stolen Property) or Count III (Grand Theft).
 
 See Hall,
 
 826 So.2d at 271 (“Just as the trier of fact must make a choice if the defendant goes to trial, so too must the trial judge make a choice if the defendant enters a plea of nolo contendere to both counts.”).
 

 Affirmed, in part, Reversed in part and Remanded.
 

 STEVENSON, GROSS and TAYLOR, JJ., concur.