BLACK, Judge.
Christy Jo Ochoa appeals from her judgments and sentences for grand theft and dealing in stolen property, imposed after an open plea of no contest to these charges and others, including three drug possession offenses. She raises two issues: (1) that she was improperly convicted of and sentenced for both grand theft and dealing in stolen property when those offenses both arose from a single course of conduct; and (2) that her possession convictions should be vacated because applicable sections of chapter 893, Florida Statutes, the Florida Comprehensive Drug Abuse Prevention and Control Act (2010), are facially unconstitutional. Ms. Ochoa’s first issue has merit; the second has none. The Florida Supreme Court rejected Ms. Ochoa’s theory of unconstitutionality in State v. Adkins, 96 So.3d 412 (Fla.2012), and this court is bound by that decision.
However, as to her first issue, Ms. Ochoa correctly argues that a person cannot be convicted of both grand theft and dealing in stolen property in connection with one scheme or course of conduct. See § 812.025, Fla. Stat. (2010) (providing that a defendant may, “under proper circumstances,” be charged with “theft and dealing in stolen property in connection with one scheme or course of conduct ..., but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts”); Hall v. State, 826 So.2d 268, 271 (Fla.2002) (holding that section 812.025 also prohibits a trial court from adjudicating a defendant guilty — pursuant to a plea — of both theft and dealing in stolen property in connection with one scheme or course of conduct); Roman v. State, 73 So.3d 796 (Fla. 4th DCA 2011) (holding that the defendant’s convictions and sentences for both theft and dealing in stolen property in connection with a single scheme or course of conduct were proscribed by section 812.025, Florida Statutes (2010), not by the prohibition against double jeopardy). The State has appropriately conceded error.
Accordingly, we reverse Ms. Ochoa’s conviction and sentence for grand theft in circuit court case no. 2010-CF-4168 and remand for the trial court to vacate them. Ms. Ochoa’s remaining convictions and sentences imposed in various Polk County cases on October 23, 2012, are affirmed.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and KELLY, JJ„ Concur.