826 So.2d 268 (2002)
James Lee HALL, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-2358.
Supreme Court of Florida.
September 5, 2002.
*269 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, FL, for Petitioner.
Robert A. Butterworth, Attorney General, Celia Terenzio, Assistant Attorney General, Bureau Chief, West Palm Beach, James J. Carney, Assistant Attorney General, West Palm Beach, FL, and Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, FL, for Respondent.
PER CURIAM.
We have for review Hall v. State, 767 So.2d 560 (Fla. 4th DCA 2000), which certified a direct conflict with the decision in Victory v. State, 422 So.2d 67 (Fla. 2d DCA 1982). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We quash the decision in part as explained below.
Hall was charged by information on the following counts in case No. 99-762-CF: (I) giving false information to a pawnbroker (more than $300); (II) burglary of a dwelling; (III) third-degree grand theft; (IV) dealing in stolen property under section 812.019(1), Florida Statutes (1999); (V) possession of cocaine; and (VI) use or possession of drug paraphernalia. In a separate information, Hall was charged with one count of burglary of a conveyance in case No. 99-611-CF. The offenses for which Hall was charged were committed on February 20, 1999.
On August 18, 1999, Hall entered a plea of nolo contendere to all the charges against him, including grand theft (count III) and dealing in stolen property (count IV) in case No. 99-762 CF.[1] The trial court found that there was a factual basis for Hall's plea and that the plea was voluntarily and intelligently made.
On October 15, 1999, the trial court adjudicated Hall guilty of each offense and sentenced him to serve concurrent sentences of five years' incarceration for count I in case No. 99-611-CF and counts I, II, III, IV, and V. in case No. 99-762-CF.[2] In addition, Hall was sentenced to a concurrent one-year prison term for count VI in case No. 99-762-CF.
On appeal, Hall claimed that the trial court erred when it adjudicated him guilty of grand theft and dealing in stolen property after accepting his plea of nolo contendere in violation of section 812.025, Florida Statutes (1999).[3] The Fourth District *270 Court of Appeal affirmed the trial court's adjudication and agreed with the reasoning and holding in Brown v. State, 464 So.2d 193 (Fla. 1st DCA 1985), approved, 487 So.2d 1073 (Fla.1986):
Defendant's third point on appeal is that section 812.025, Florida Statutes (1983), prohibits his conviction and sentence on the two offenses of theft and dealing in stolen property because the same firearms were the subject of both offenses. We hold that section 812.025 is inapplicable in situations where, as in the present case, the defendant pleads nolo contendere to both offenses pursuant to a plea bargaining arrangement. By its own terms, the statute is limited to cases involving a jury verdict as to one or both of the offenses. Because there is no double jeopardy prohibition against defendant being convicted and sentenced for both offenses, Lennear v. State, 424 So.2d 151 (Fla. 5th DCA 1982), we affirm on [this issue].
Hall v. State, 767 So.2d 560, 562 (Fla. 4th DCA 2000) (quoting Brown, 464 So.2d at 195 (alterations in original)). The district court certified that its decision created conflict with Victory v. State, 422 So.2d 67 (Fla. 2d DCA 1982), wherein the Second District held that pursuant to section 812.025, Florida Statutes (1981),[4] a defendant convicted of grand theft cannot also be convicted of dealing in stolen property if both counts flow from one scheme or course of conduct, notwithstanding a plea of nolo contendere to both charges.
In Goddard v. State, 458 So.2d 230 (Fla. 1984), we briefly stated that section 812.025 supplemented the theft statute (section 812.014) and the dealing in stolen property statute (section 812.019) "by providing that a defendant may be charged with both theft and dealing in stolen property, but cannot be found guilty of both crimes." Id. at 233. However, this Court has not specifically addressed section 812.025 as it relates to a plea of nolo contendere.
To understand the correlation between section 812.014, the theft statute, and section 812.019, the dealing in stolen property statute, we examine the legislative history of the Florida Anti Fencing Act:[5]
[S]ection 812.019, which is part of the Florida Anti-Fencing Act, Chapter 77-342, Laws of Florida, is intended to punish those who knowingly deal in property stolen by others. [State v.] Camp, 579 So.2d [763, 764 (Fla. 5th DCA 1991)]. The basic scenario envisions a person who steals and then sells the stolen property to a middleman (the "fence") who in turn resells the property to a third person. See generally G. Robert Blakely & Michael Goldsmith, Criminal Redistribution of Stolen Property: The Need for Law Reform, 74 Mich. L.Rev. 1512 (1976). The statute punishes both the initial thief and the fence. See § 812.012(7), Fla. Stat. (1989). According to its legislative history, this law is
an adaptation of the Model Theft and Fencing Act, consistent with the organization of Florida law, as proposed by G. Robert Blakely and Michael Goldsmith in their exhaustive study on stolen property law. Blakely and Goldsmith, Criminal Redistribution *271 of Stolen Property: The Need for Law Reform, 74 Mich. L.Rev. 1512 (1976). That article focuses on the receivers of stolen property as the central figures in theft activities, and that the law should be focused on the criminal system that redistributes stolen goods.

Staff of Fla. H.R. Select Comm. on Organized Crime, CS for SB 1431 (1977) Memorandum (April 7, 1977).
State v. Camp, 596 So.2d 1055, 1057 (Fla. 1992) (alteration in original). It appears that the dealing in stolen property statute and the theft statute address two different evils. The former is directed toward the criminal network of thieves and fences who knowingly deal in the redistribution of stolen property, whereas the theft statute is directed toward those persons who steal for personal use and for whom redistribution is incidental.
[E]vidence of theft only, with the intent personally to put the stolen item or items to normal use, constitutes only the crime of theft and not the crime of trafficking or dealing in stolen property within the meaning of chapter 812, Florida Statutes, even if the normal use is achieved by some form of transfer, distribution, dispensation, or disposition of the item.
Id. (quoting Grimes v. State, 477 So.2d 649, 650 (Fla. 1st DCA 1985)).
Under the dealing in stolen property statute,
[t]he penalties are higher for a person who organizes or directs the fencing operation [under section 812.019(2)] than for the person who merely "traffics in" stolen property [under section 812.019(1)].... The penalties are graded according to the offender's role, but not according to the value of the property involved.
National Association of Attorneys General, Legislative Responses to Dealing in Stolen Goods 69 (1975). Under the theft statute, the penalties are graded according to the monetary value of the property stolen. See § 812.014(2), Fla. Stat. (1999).
Section 812.025 allows the State to charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts, but the trier of fact must then determine whether the defendant is a common thief who steals property with the intent to appropriate said property to his own use or to the use of a person not entitled to the use of the property or whether the defendant traffics or endeavors to traffic in the stolen property. The linchpin of section 812.025 is the defendant's intended use of the stolen property. The legislative scheme allows this element to be developed at trial and it is upon this evidence that the trier of fact may find the defendant guilty of one or the other offense, but not both. The legislative scheme is clear and the same legislative rationale militates against allowing a defendant to plead guilty to inconsistent counts, i.e., stealing property with intent to use under section 812.014 or stealing property with intent to traffic in the stolen goods pursuant to section 812.019. Just as the trier of fact must make a choice if the defendant goes to trial, so too must the trial judge make a choice if the defendant enters a plea of nolo contendere to both counts. Legislative history leads us to believe that this comports with legislative intent. Thus, we find that section 812.025 prohibits a trial court from adjudicating a defendant guilty of both theft and dealing in stolen property in connection with one scheme or course of conduct pursuant to a plea of nolo contendere. We therefore disagree with the conclusion reached by the Fourth District.
In his second issue, Hall challenges the constitutionality of the Criminal Punishment Code. We have already found the Code withstands constitutional muster in Hall v. State, 823 So.2d 757 (Fla.2002).

*272 CONCLUSION
We quash the decision below in part and approve Victory v. State, 422 So.2d 67 (Fla. 2d DCA 1982). Accordingly, we remand with directions that the conviction be reversed on either count III or count IV in case No. 99-762-CF and that the defendant be resentenced on the remaining count. We approve the district court's affirmance of the convictions and sentences on counts I, II, V, and VI in case No. 99-762-CF and the burglary count in case No. 99-611-CF.
It is so ordered.
ANSTEAD, C.J., and SHAW and QUINCE, JJ., concur.
PARIENTE and LEWIS, JJ., concur in result only.
WELLS, J., concurs in part and dissents in part with an opinion, in which HARDING, Senior Justice, concurs.
WELLS, J., concurring in part and dissenting in part.
I concur with the majority that the Criminal Punishment Code is constitutional. I dissent to quashing the Fourth District Court of Appeal's decision as to the interpretation of section 812.025, Florida Statutes, as it relates to a plea of nolo contendere. I believe that the statute is to be applied as written. There is no prohibition in the statute to convictions for both crimes based upon such pleas. I would approve the Fourth District's reliance on the First District Court of Appeal's opinion in Brown v. State, 464 So.2d 193 (Fla. 1st DCA 1985).
HARDING, J., concurs.
NOTES
[1] According to the State's factual basis for the plea, counts I, II, III, and IV of case No. 99-762-CF took place within one scheme or course of conduct. There was no objection below from the defendant on this basis.
[2] Hall was further placed on concurrent three-year terms of probation to follow the prison sentences for counts II and IV.
[3] Section 812.025, Florida Statutes (1999), provides as follows:

Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
[4] Section 812.025, Florida Statutes (1981), is identical to section 812.025, Florida Statutes (1999).
[5] Sections 812.014, 812.019, and 812.025 are contained within the Florida Anti-Fencing Act of 1977.