COPE, J.
(concurring).
I concur in the affirmance of the denial of postconviction relief. First, assuming for purposes of discussion that there is no procedural bar to the postconviction motion, defendant-appellant Thomas entered into a plea bargain with respect to his 1986 convictions which included the offenses to which he pled and the specific sentences to be imposed. This waived any double jeopardy objection. See Novaton v. State, 634 So.2d 607 (Fla.1994). The decision on which the defendant relies, Hall v. State, 826 So.2d 268 (Fla.2002), did not overturn Novaton.
Second, assuming for purposes of discussion that the rule in Hall could be applied to the defendant’s case, the offenses to be scored as prior record would be the second degree felonies of dealing in stolen property — and the revised scoresheet would not change the defendant’s recommended guidelines range.