864 So.2d 552 (2004)
Theron A. TOSON, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4467.
District Court of Appeal of Florida, Fourth District.
January 14, 2004.
*553 Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
The issue we address in this case is whether, after an open guilty plea to the court, a defendant may be adjudicated and sentenced for both grand theft and dealing in the property stolen in the theft. Applying section 812.025, Florida Statutes (2001), we hold that there may not be two convictions, and reverse and remand for resentencing.
Theron Toson appeals from his conviction and sentence in circuit court case number 02-1925 CFA02 and his sentences in case numbers 01-12121 CFA02 and 01-13048 CFA02.
Toson was charged by three informations filed in the Fifteenth Judicial Circuit as follows: case number 01-12121 CFA02, with burglary of a dwelling (count I), grand theft (count II), and loitering or prowling (count III); in case number 01-13048 CFA02, with burglary of a dwelling (count I), and petit theft (count II); and in case number 02-1925 CFA02, with burglary of a dwelling (count I), grand theft (count II), and three counts of dealing in stolen property (counts III-V).
On October 16, 2002, Toson entered open pleas as charged. During the plea colloquy the State presented its factual basis for the offenses charged. The court *554 found that the plea was entered freely and voluntarily and accepted the plea. In case number 02-1925 CFA02, the State's factual basis for the plea was set forth as follows:
[O]n or between December the 21st, 2001, and January the 6th of 2002, the defendant did knowingly enter a dwelling, the home of Patricia Gillette with the intent to commit an offense therein, that offense was to commit theft, and he did take items from the home of Patricia Gillette, in an amount greater than $100 with the intent to permanently deprive her of that property, including computer equipment, tools, a video recorder, stereo equipment, fan, telephone, other household items, a bicycle, a television, jewelry and took that from the dwelling. He also took property, namely a musical instrument which was property the defendant should have known was stolen, and endeavored to traffic in it by pawning it.
He also took computer equipment on or about January the 4th, 2002, and pawned it, knowing it was stolen, and on January 16th, 2002, he took jewelry to a pawn shop and knew it was stolen. And he pawned that item.
Count three, the dealing in stolen property, occurred on January 3rd, 2002, and the theft was also on or between December 21st, 2001, and January 6th, 2002. All events occurring in Palm Beach County.
The trial court adjudicated Toson guilty on all counts. He was sentenced to concurrent terms with credit for 283 days time served as follows: in case number 01-12121 CFA02, on count I to a mandatory minimum term of fifteen years in prison as a prison releasee reoffender, on count II to five years in prison, and on count III to time served; in case number 01-13048 CFA02, on count I to a minimum mandatory term of fifteen years in prison as a prison releasee reoffender, and on count II to 283 days time served; and in case number 02-1925 CFA02, on count I to a minimum mandatory term of fifteen years in prison as a prison releasee reoffender, on count II to five years in prison, and on counts III, IV and V to 92.25 months in prison on each count.
Toson argues that he was improperly convicted of the three counts of dealing in stolen property in case number 02-1925 CFA02 because the counts of dealing in stolen property and count of grand theft involved the stealing of the same property during the same scheme or course of conduct. Section 812.025 prohibits the trial court from adjudicating him guilty of both theft and dealing in stolen property in connection with one scheme or course of conduct.[1]
Toson raises this argument for the first time on direct appeal. The State contends that Toson is precluded from raising this issue since he entered pleas of guilty to the charges. The State relies on Florida Rule of Appellate Procedure 9.140(b)(2), which identifies when an appeal from a guilty or nolo contendere plea is permitted. Toson responds that the dual convictions for grand theft and dealing in stolen property constitute fundamental error.
*555 We agree. Under this open plea to the court, the convictions of both grand theft and dealing in stolen property constitute fundamental error that may be raised for the first time on appeal.
Section 812.025 expressly prohibits a trial court from adjudicating a defendant guilty of theft and dealing in stolen property in connection with one scheme or course of conduct. That Toson's convictions and sentences were the result of an open plea of guilt to the charges against him does not alter the result. See Hall v. State, 826 So.2d 268, 271 (Fla.2002); see also Eugene v. State, 828 So.2d 1055 (Fla. 4th DCA 2002). Although in Hall the plea was nolo contendere, the holding in Hall is equally applicable to an open guilty plea, as it is accepted by the trial court in the same manner as a nolo contendere plea. See Fla. R.Crim. P. 3.170, 3.171, and 3.172.
In the instant case, the information, the probable cause affidavit, and the factual basis presented, established that the grand theft and three charges of dealing in stolen property to which Toson was making his open pleas, all involved the same property stolen in the course of a burglary of Patricia Gillette's home. Toson testified at the plea hearing, without contradiction, that he sold the stolen items in order to support his crack cocaine addiction.
This court, in Blair v. State, 667 So.2d 834 (Fla. 4th DCA 1996), addressed a similar fact situation. In Blair, the information charged the defendant with stealing jewelry on one date and dealing in the same jewelry on the same date or sometime thereafter. The State was unable to prove the theft of the jewelry and the dealing of the same jewelry were distinct and unrelated criminal incidents. Our court stated as follows:
While we recognize that additional acts will always be required to dispose of the property in question, the legislative purpose of the section [812.025] is to prevent dual convictions in connection with one scheme or course of conduct. Absent something more to purposefully interrupt the two crimes by an unquestionably disjunctive period of time or series of events, defendant's conviction for one of the offenses must be set aside.
Id. at 841.
Although section 812.025 does not provide a definition for what constitutes "one scheme or course of conduct," our supreme court discussed the legislative history leading up to the enactment of section 812.025 and the intent of the legislation in Hall. After discussing the legislative history, the Florida Supreme Court in Hall stated:
It appears that the dealing in stolen property statute and the theft statute address two different evils. The former is directed toward the criminal network of thieves and fences who knowingly deal in the redistribution of stolen property, whereas the theft statute is directed toward those persons who steal for personal use and for whom redistribution is incidental.
826 So.2d at 271.
Quoting with approval from Grimes v. State, 477 So.2d 649, 650 (Fla. 1st DCA 1985), the court further stated:
[E]vidence of theft only, with the intent personally to put the stolen item or items to normal use, constitutes only the crime of theft and not the crime of trafficking or dealing in stolen property within the meaning of chapter 812, Florida Statutes, even if the normal use is achieved by some form of transfer, distribution, dispensation, or disposition of the item.
Hall, 826 So.2d at 271.
The court, thereafter, concluded that section 812.025 allows the State to charge theft and dealing in stolen property in *556 connection with one scheme or course of conduct in separate counts, but the trier of fact must then determine whether the defendant is a common thief who steals property with the intent to appropriate such property to his own use or to the use of a person not entitled to the use of the property or whether the defendant traffics or endeavors to traffic in stolen property. Id. Finally, the court concluded:
The linchpin of section 812.025 is the defendant's intended use of the stolen property. The legislative scheme allows this element to be developed at trial and it is upon this evidence that the trier of fact may find the defendant guilty of one or the other offense, but not both. The legislative scheme is clear and the same legislative rationale militates against allowing a defendant to plead guilty to inconsistent counts, i.e., stealing property with intent to use under section 812.014 or stealing property with intent to traffic in stolen goods pursuant to section 812.019. Just as the trier of fact must make a choice if the defendant goes to trial, so too must the trial judge make a choice if the defendant enters a plea of nolo contendere to both counts. Legislative history leads us to believe that this comports with legislative intent. Thus, we find that section 812.025 prohibits a trial court from adjudicating a defendant guilty of both theft and dealing in stolen property in connection with one scheme or course of conduct pursuant to a plea of nolo contendere.
Id.
We reverse counts II, III, IV and V, and remand to the circuit court for resentencing consistent with this opinion. See Eugene v. State, 828 So.2d 1055 (Fla. 4th DCA 2002). We also order resentencing in cases 01-12121 CFA02 and 01-13048 CFA02 on a scoresheet corrected to reflect the resentencing in 02-1925 CFA02.
WARNER and GROSS, JJ., concur.
NOTES
[1] Section 812.025, Florida Statutes (2001), states:

Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.