MAY, J.
A juvenile appeals an order adjudicating him delinquent and committing him to a high risk residential program. He raises three arguments. He argues the trial court erred in adjudicating him delinquent for three counts of grand theft and one count of dealing in stolen property for the same firearms. He also asserts the trial court erred in designating him as a serious or habitual juvenile offender, and in failing to limit its jurisdiction over him to the age of 19. We reverse on the first issue, but affirm in all other respects, and remand for further proceedings.
The State filed a delinquency petition alleging five counts, one for armed burglary of a residence, three for grand theft of firearms taken from that residence, and one for dealing in stolen property (the firearms). The juvenile entered a no contest plea on all counts. The trial court accepted the plea, adjudicated the juvenile delinquent, and committed him to a high risk residential program as a serious or habitual juvenile offender.
The juvenile then filed an amended motion to correct the disposition order.[1] The motion asked the court to strike the disposition order as it related to counts I (grand theft), II (dealing in stolen property), and TV (grand theft), based on double jeopardy grounds. In essence, he argued that the court could not adjudicate him delinquent on three grand theft counts and the dealing in stolen property count because they all related to the same stolen property.
The court denied the motion. It found that the firearms charged in the grand theft counts were not the same as those involved in the dealing in stolen property count as there were multiple firearms taken during the residential burglary. It is in this finding that the trial court erred.
We have previously held that double jeopardy does not prohibit convictions for grand theft and dealing in stolen property because each offense requires an element that the other does not. Blair v. State, 667 So.2d 834 (Fla. 4th DCA 1996) (discussing Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). Nevertheless, section 812.025, Florida Statutes (2006) prohibits convictions for both crimes where a single charging document charges “theft and dealing in stolen property in connection with one scheme or course of conduct.” Toson v. State, 864 So.2d 552, 554 (Fla. 4th DCA 2004). In that circumstance, the “trier of fact may return a guilty verdict on one or the other, but not both, of the counts.” § 812.025, Fla. Stat. (2006). In Toson, this *493 court reversed convictions for grand theft and three counts of dealing in stolen property because the counts all involved the same property. Toson, 864 So.2d at 556. See also Hall v. State, 826 So.2d 268, 270-72 (Fla.2002); Aversano v. State, 966 So.2d 493, 496-97 (Fla. 4th DCA 2007).
Here, the petition alleged three counts of grand theft of a firearm and one count of dealing in stolen property. The State’s factual basis for the plea revealed that the juvenile burglarized a house and found twenty guns, some of which he stole, along with some ammunition. He threw the firearms over the fence intending to retrieve them later and sell them for money to buy clothes or marijuana. The juvenile admitted burglarizing the house, stealing the guns, and selling one of them.
When analyzing the issue, the trial court focused its attention on the fact that multiple guns were taken from the residence instead of analyzing whether the theft counts and dealing in stolen property count were distinct and unrelated criminal incidents. When the proper analysis is applied, it is clear that section 812.025, Florida Statutes (2006) prohibits the adjudication on the three grand theft charges and the dealing in stolen property charge in this case. In fact, one firearm involved in the theft charge was precisely the same firearm that formed the basis for the dealing in stolen property count.
The second argument raised by the juvenile concerns the trial court’s designation of him as a serious or habitual juvenile offender. Section 985.47(1), Florida Statutes (2006) provides:
A “Serious or habitual juvenile offender,” for the purposes of commitment to a residential facility and for purposes of records retention, means a child who has been found to have committed a delinquent act or a violation of law, in the case currently before the court, and who meets at least one of the following criteria:
(a) The child is at least 13 years of age at the time of the disposition for the current offense and has been adjudicated on the current offense for:
[[Image here]]
14. Carrying, displaying, using, threatening, or attempting to use a weapon or firearm during the commission of a felony[,]
(b) The child is at least 13 years of age at the time of the disposition, the current offense is a felony, and the child has previously been committed at least two times to a delinquency commitment program[,][or]
(c) The child is at least 13 years of age and is currently committed for a felony offense and transferred from a moderate-risk or high-risk residential commitment placement.
§ 985.47(1), Fla. Stat. (2006) (emphasis added).
Here, the juvenile was 13 years of age, pled to, and was adjudicated for, three counts of grand theft of a firearm, one count of dealing in stolen property, and one count of armed burglary. Each of these offenses falls within the purview of subsection 14. Therefore the trial court did not err in making this designation. The court further did not err in failing to limit its jurisdiction over this juvenile to the age of 19. See § 985.0301(5)(d), Fla. Stat. (2006) (providing for retention of jurisdiction over a child committed for placement in a high-risk residential commitment program until the child’s 22nd birthday).
For the reason expressed above, we reverse the adjudication and disposition order and remand the case to the trial court to vacate either the dealing in stolen property charge or the three counts of grand *494 theft of a firearm and to enter a new disposition order.

Reversed and Remanded.

POLEN and KLEIN, JJ., concur.

. The juvenile filed the motion in four cases. The court granted the motion as it related to three cases not involved in this appeal.