989 So.2d 721 (2008)
Jeffrey POMASKI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3017.
District Court of Appeal of Florida, Fourth District.
August 27, 2008.
*722 Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

On Motion for Rehearing
MAY, J.
The defendant has filed a motion for rehearing. We grant the motion for rehearing, withdraw our prior opinion, and substitute this opinion in its place.
The defendant belatedly appeals an order denying his motion to withdraw plea, following an open plea to the original charges and a negotiated plea to a subsequent violation of probation. The defendant asked counsel to appeal the order on the motion to withdraw plea, but because counsel had not received the order, the Notice of Appeal was untimely filed. This court subsequently granted a petition for belated appeal as to both the order denying the motion to withdraw plea and the underlying judgment and sentence.
On appeal, the defendant abandoned the issues raised in his motion to withdraw plea, but raised error in the original plea and sentence. He argues the trial court erred when it accepted a plea and sentenced him on both grand theft and dealing in stolen property charges that arose from one scheme or course of conduct.[1] We agree and reverse.
The State charged the defendant with grand theft and dealing in stolen property for the theft of aluminum ramps and hand rails from school portables, which he sold to a scrap yard. The defendant entered an open plea. The court explained to the defendant that he was entering a plea of no contest to both grand theft and dealing in stolen property charges. Reiterating that there was no plea agreement, the court explained that it could sentence the defendant to the maximum punishments for both crimes and run the sentences consecutively. The defendant then signed a plea form and entered an open plea; the State provided the requisite factual basis. The court found the defendant guilty of grand theft and dealing in stolen property, but withheld adjudication and sentenced him to four years probation.
Approximately two months later, the defendant tested positive for cocaine, prompting the filing of a violation of probation *723 affidavit. Prior to the hearing on the violation of probation, the court heard the defendant's motion to withdraw plea and denied the motion. At the violation hearing, the defendant entered into a negotiated plea to both charges. The defendant signed a written plea form admitting the violation of probation and indicating his understanding that the violation was for both grand theft and dealing in stolen property charges. The court accepted the plea, adjudicated the defendant guilty, revoked his probation, and sentenced him to 180 days in jail.
On appeal, the defendant now argues that the trial court erred in adjudicating him guilty of both grand theft and dealing in stolen property charges in connection with one scheme or course of conduct. § 812.025, Fla. Stat. (2006). Section 812.025 prohibits a trial court from adjudicating a defendant guilty of theft and dealing in stolen property in connection with one scheme or course of conduct. Toson v. State, 864 So.2d 552, 556 (Fla. 4th DCA 2004); § 812.025, Fla. Stat. (2006). The proscription applies even in cases in which a defendant enters an open plea of guilt or no contest "to the charges against him." Toson, 864 So.2d at 556 (citing Hall v. State, 826 So.2d 268, 271 (Fla.2002) and Eugene v. State, 828 So.2d 1055 (Fla. 4th DCA 2002)). Where "the information, the probable cause affidavit, and the factual basis presented" to support the plea establish that both the grand theft and dealing in stolen property arose from the same scheme or course of conduct, the convictions must be reversed. Toson, 864 So.2d at 556.[2]
Here, there is no doubt but that the property stolen is the same property sold to the scrap yard. We therefore reverse the underlying withhold of adjudication and sentence of four years probation. We remand the case to the trial court to determine which charge is supported by the record and to correct the judgment to reflect either grand theft or dealing in stolen property. As the defendant completed his sentence as of June 11, 2007, resentencing is unnecessary.
Reversed and Remanded.
STEVENSON and GROSS, JJ., concur.
NOTES
[1] Unrelated to the case involved in this appeal, the defendant was also charged and simultaneously pled to another grand theft charge.
[2] The State argues that the defendant waived his right to appeal from the underlying charges because adjudication was initially withheld. See Kilmartin v. State, 848 So.2d 1222, 1224 (Fla. 1st DCA 2003). This argument is without merit. Section 812.025 precludes a court from "allowing" a defendant to plead guilty or no contest to both theft and dealing in stolen goods. Hall v. State, 826 So.2d 268, 271 (Fla.2002).