*728
 
 POLEN, J.
 

 Appellant, Bobby Gene Gordon, appeals the trial court’s order adjudicating him guilty of grand theft and dealing in stolen property and sentencing him to concurrent terms of forty months imprisonment. Gordon was charged with dealing in stolen property and grand theft after he removed and pawned a valuable watch from his employer’s home. Gordon pled
 
 nolo con-tendere
 
 to the charges. The sole issue on appeal is whether the trial court violated a Florida statute by adjudicating Gordon guilty of both dealing in stolen property and grand theft. The state concedes error. For the following reasons, we reverse and remand for the trial court to vacate one of the charges and resentence Gordon.
 

 Section 812.025, Florida Statutes (2006), provides:
 

 Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
 

 Thus, section 812.025 prohibits a trial court from adjudicating a defendant guilty of both grand theft and dealing in stolen property where the two charges arise from the same course of conduct.
 
 Toson v. State,
 
 864 So.2d 552, 555 (Fla. 4th DCA 2004). In
 
 Hall v. State,
 
 826 So.2d 268 (Fla.2002), the Florida Supreme Court held that the statute also prohibited dual convictions for dealing in stolen property and grand theft where a defendant pled
 
 nolo contendere
 
 to both charges.
 
 Id.
 
 at 271.
 

 In
 
 Toson,
 
 this court reversed the defendant’s dual convictions for grand theft and dealing in stolen property where the charges arose from the defendant’s theft and sale of the same items of property. 864 So.2d at 555. Similarly, in the present case, Gordon’s charges and convictions arise from his theft and sale of one watch. Thus, the trial court erred in convicting Gordon of both charges.
 

 Reversed and remanded.
 

 MAY and GERBER, JJ., concur.