GROSS, J.
We hold that the trial court did not commit fundamental error in failing to instruct the jury on section 812.025, Florida Statutes (2009), because the theft and subsequent sale of stolen property did not constitute “one scheme or course of conduct.”
*586 Benjamin Brown was charged with (1) grand theft of a firearm, in violation of section 812.014(2)(c)5., Florida Statutes (2009); (2) dealing in stolen property, in violation of section 812.019(1), Florida Statutes (2009); and (3) burglary of a dwelling while armed. As to the grand theft charge, the information alleged that Brown unlawfully obtained the victim’s “firearm ... with the intent to either permanently or temporarily deprive the true owner of’ ownership. The dealing in stolen property charge alleged that Brown “did unlawfully and knowingly traffic in or endeavor to traffic in property, to-wit: Firearm, which the defendant knew or should have known was stolen.”
The evidence at trial revealed that on July 31, 2009, the victim returned home after work to find the doors to his house open and items strewn about the interior. A gun safe had been pried open; twenty guns were missing. That same day, Brown and Matt Davis, a co-defendant, took many of the guns to the house of Davis’s brother, where Brown and Davis assembled their own little arsenal.
A week after the burglary, on August 7, 2009, Davis’s brother returned home to find Davis putting- rifles and shotguns in his attic. Not wanting to be involved in any trouble, the brother told Davis to get rid of the guns. Later in August, Brown toted a duffel bag containing “guns for sale” to a meeting with a third party and traded seven of the guns for an ounce of marijuana, worth about $125. Serial numbers for some of the guns identified them as being stolen from the victim’s house.
On appeal, Brown argues that the trial court fundamentally erred[1] in failing to instruct the jury on section 812.025, Florida Statutes (2009), which provides,
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
The Florida Supreme Court explained in Hall v. State, 826 So.2d 268, 271 (Fla.2002), that the crimes of dealing in stolen property and grand theft are “two different evils” subject to separate analytical approaches. “The former is directed toward the criminal network of thieves and fences who knowingly deal in the redistribution of stolen property, whereas the theft statute is directed toward those persons who steal for personal use and for whom redistribution is incidental.” Id.
Given these differing purposes, “[t]he linchpin of section 812.025 is the defendant’s intended use of the stolen property.” Id. Once the defendant has been so dually charged, the determination as to the application of either offense is “resolved by the jury, as an issue of fact, in deciding whether the defendant is either a ‘common thief or endeavored to traf-fie[.]” Allwine v. State, 978 So.2d 272, 275 (Fla. 4th DCA 2008). Consequently, we have found fundamental error where a trial court, notwithstanding a request from the defense, fails to instruct the jury as to section 812.025’s requirements. Aversano v. State, 966 So.2d 493, 496 (Fla. 4th DCA 2007); see also Toson v. State, 864 So.2d 552, 555 (Fla. 4th DCA 2004) (finding that “convictions of both grand theft and dealing in stolen property constitute fundamental error that may be raised for the first time on appeal.” (alterations in original)).
Here, we find no fundamental error in the failure to charge the jury concerning *587 section 812.025 because the two charges did not stem from “one scheme or course of conduct” within the meaning of the statute. “[S]ection 812.025 precludes dual convictions for theft and dealing in stolen property only when those charges relate to one scheme or course of conduct and thus does not entirely foreclose the possibility of prosecution for both offenses in connection with the same stolen property.” Wilson v. State, 884 So.2d 74, 77 (Fla. 2d DCA 2004) (citing Rife v. State, 446 So.2d 1157, 1158 (Fla. 2d DCA 1984)) (emphasis added). A “clearly disjunctive interval of time or set of circumstances” between a theft and a sale of stolen property renders section 812.025 inapplicable. Rife, 446 So.2d at 1158.
This case demonstrates a clearly disjunctive interval of time and circumstances. The same day as the burglary, the defendants took the guns to a house for safekeeping. A week later, the owner of the house told one defendant to get the guns out of the house. Only after the brother threw the guns out of the house did Brown attempt to sell them.
This case is distinguishable from Toson, an appeal from an open plea where a defendant committed a burglary to steal items so he could sell them to get money for drugs. 864 So.2d at 553-54. Here, in addition to a significant temporal break between the burglary and the sale, the evidence showed that the defendants initially kept the guns for their personal use; Brown showed no inclination to sell the guns until after his place of safekeeping was taken away.

Affirmed.

WARNER, J., and STONE, BARRY J., Senior Judge, concur.

. Brown’s attorney did not request the instruction at trial.