# Supreme Court of Florida

_____

No. SC12-1281
_____

**JESSICA PATRICE ANUCINSKI**,
Petitioner,

vs.

**STATE OF FLORIDA**,
Respondent.

[September 24, 2014]

QUINCE, J.

Jessica Anucinski seeks review of the decision of the Second District Court of Appeal in Anucinski v. State, 90 So. 3d 879 (Fla. 2d DCA 2012), on the ground that it expressly and directly conflicts with a decision of this Court in Hall v. State, 826 So. 2d 268 (Fla. 2002), as well as with the decisions of the Fourth District Court of Appeal in Gordon v. State, 24 So. 3d 727 (Fla. 4th DCA 2009), L.O.J. v. State, 974 So. 2d 491 (Fla. 4th DCA 2008), and Pomaski v. State, 989 So. 2d 721 (Fla. 4th DCA 2008), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

Pursuant to section 812.025, Florida Statutes (2009), a defendant may properly be charged with both theft and dealing in stolen property. However, when the offenses are committed "in connection with one scheme or course of conduct . . . the trier of fact may return a guilty verdict on one or the other, but not both, of the counts." § 812.025, Fla. Stat. (2009). The question raised in this case relates to the proper remedy on appeal where a defendant has been adjudicated guilty of theft and dealing in stolen property in violation of section 812.025, following an open plea of guilty or no contest. Following our decision in Hall, we hold that the proper remedy is to remand the case for the trial court to exercise its discretion in vacating the adjudication of guilt of either the dealing in stolen property or theft count, and to resentence the defendant on the remaining count. We therefore quash the district court's decision below and approve Hall, Pomaski, L.O.J., and Gordon. We remand this case for proceedings consistent with this opinion.

**FACTS AND PROCEDURAL HISTORY**

In December 2009, Anucinski was charged in Collier County with one count of grand theft, a third-degree felony,[1] and one count of dealing in stolen property, a second-degree felony.[2] The State alleged in the information that Anucinski committed the grand theft of property belonging to Tiffany & Co. and that she

---

1. § 812.014(1), (2)(c), Fla. Stat. (2009).

2. § 812.019(1), Fla. Stat. (2009).

dealt in the stolen property that same day. In response to the charges, Anucinski executed a plea of guilty or no contest as to both offenses.

At Anucinski's plea hearing, the prosecutor outlined the factual basis for the plea: "Ms. Anucinski walked into Tiffany's, stole a $2,500 ring right in the middle of the day, and then pedaled her bike down to the pawnshop and pawned it for an amount of $400." Finding that she possessed sufficient mental capacity to enter the plea and that there was a factual basis for the plea, the trial court adjudicated Anucinski guilty of both grand theft and dealing in stolen property. Anucinski did not contend at the plea hearing that, based on section 812.025, the court could not adjudicate her guilty of both offenses. On each count, the trial court sentenced Anucinski to concurrent one-year jail terms as special conditions of probation. Following the incarcerative portion of her sentence, Anucinski was ordered to serve six years of probation on the dealing in stolen property count and four years of probation on the grand theft count, which were ordered to run concurrently with each other.

Anucinski appealed her dual adjudications of guilt, claiming that the trial court committed fundamental error—per section 812.025—by accepting her plea and adjudicating her guilty of both grand theft and dealing in stolen property. The Second District reversed, holding that, based on section 812.025, the trial court erred in adjudicating Anucinski guilty of both offenses. Anucinski, 90 So. 3d at

880.  As to the remedy on appeal, Anucinski sought for the case to be remanded to the trial court for it to vacate one of her convictions based on whether she was a "common thief" or a "trafficker in stolen property," while the State asked the district court to vacate the grand theft conviction.  Id. at 881.  Despite acknowledging being bound by Hall, which "suggests some level of discretion in deciding which conviction to vacate upon remand," the district court remanded with directions that the trial court vacate the grand theft conviction and to resentence Anucinski accordingly.  Id. at 880, 882.  The district court found that

> when a jury convicts a defendant of both grand theft and dealing in stolen property, trial courts do not have to engage in any determination of which conviction to vacate—they are simply directed to vacate the lesser offense.  Therefore, requiring trial courts to hold an evidentiary hearing in plea cases to determine which crime a defendant is "more guilty of" seems illogical when no such analysis is required after a jury verdict.

Id. at 882 (citation omitted).  The district court reasoned that there was "no factual determination left to be made by the trial court" and that its decision fosters judicial economy.  Id.

## ANALYSIS

Section 812.025, provides as follows:

> Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.

§ 812.025, Fla. Stat. Adjudicating a defendant guilty of both theft and dealing in stolen property in accordance with a plea of guilty or no contest violates section 812.025, if the offenses were "in connection with one scheme or course of conduct." The question raised is whether the proper remedy on appeal for such violation is to remand the case back to the trial court to decide which count to vacate, as advanced by Anucinski, or to simply vacate the lesser offense, as argued by the State. Questions of statutory interpretation are subject to de novo review. Heart of Adoptions, Inc. v. J.A., 963 So. 2d 189, 194 (Fla. 2007).

## Hall, Blackmon,[3] and Williams[4]

In Hall, we held that "section 812.025 prohibits a trial court from adjudicating a defendant guilty of both theft and dealing in stolen property in connection with one scheme or course of conduct pursuant to a plea of nolo contendere." 826 So. 2d at 271. We explained that

> Section 812.025 allows the State to charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts, but the trier of fact must then determine whether the defendant is a common thief who steals property with the intent to appropriate said property to [his or her] own use or to the use of a person not entitled to the use of the property or whether the defendant traffics or endeavors to traffic in the stolen property. The linchpin of section 812.025 is the defendant's intended use of the stolen property. The legislative scheme allows this element to be developed at trial and it is upon this evidence that the trier of fact may find the defendant

---

3. Blackmon v. State, 121 So. 3d 535 (Fla. 2013).

4. Williams v. State, 121 So. 3d 524 (Fla. 2013).

guilty of one or the other offense, but not both. The legislative scheme is clear and the same legislative rationale militates against allowing a defendant to plead guilty to inconsistent counts, i.e., stealing property with intent to use under section 812.014 or stealing property with intent to traffic in the stolen goods pursuant to section 812.019. <u>Just as the trier of fact must make a choice if the defendant goes to trial, so too must the trial judge make a choice if the defendant enters a plea of nolo contendere to both counts.</u> Legislative history leads us to believe that this comports with legislative intent.

<u>Id.</u> at 271 (emphasis added). We remanded with directions that the defendant's conviction be reversed on either the grand theft or dealing in stolen property count, and for him to be resentenced on the remaining count. <u>Id.</u> at 272.

Recently, this Court decided <u>Blackmon</u> and <u>Williams</u>, which both involved jury trials. In <u>Blackmon</u>, we held that the defendant's convictions of petit theft and dealing in stolen property violated section 812.025, and that the trial court erred in (1) failing to instruct the jury on section 812.025, and (2) adjudicating the defendant guilty of both offenses. 121 So. 3d at 548. Finding that the defendant failed to demonstrate fundamental error, this Court approved the district court's reversal of the petit theft conviction. <u>Id.</u> at 549, 551.

Unlike the defendant in <u>Blackmon</u>, the defendant in <u>Williams</u> requested for the trial judge to instruct the jury under section 812.025, Florida Statutes (2008). 121 So. 3d at 526. We concluded that the defendant's convictions of grand theft and dealing in stolen property violated section 812.025, and that the trial court erred in refusing to instruct the jury on the statute, and in precluding the defendant

- 6 -

from arguing to the jury that it could find him guilty of either offense. Id. at 534. Finding the errors not to be harmless, we determined that the defendant was entitled to a new trial. Id. We held in Williams that when both theft and dealing in stolen property counts are submitted to a jury, the trial court must provide an instruction on section 812.025. Id. at 531.[5]

## The Conflict Issue

As noted above, in remedying the improper dual adjudications of guilt of grand theft and dealing in stolen property in accordance with the defendant's plea of no contest, this Court in Hall decided not to vacate the lesser offense. To the contrary, we remanded with directions that the conviction be reversed on either the grand theft count or dealing in stolen property count, and for resentencing on the remaining count. Hall, 826 So. 2d at 272. We thus afforded the trial court discretion on remand to decide which count to vacate based on whether the defendant is a "common thief who steals property with the intent to appropriate said property to his own use or to the use of a person not entitled to the use of the property" or one who "traffics or endeavors to traffic in the stolen property." Id. at 271.

---

5. We authorized the use of amended instruction 14.2 following our decision in Williams. See In re Standard Jury Instructions in Criminal Cases–Instruction 14.2, 140 So. 3d 992 (Fla. 2014).

Consistent with <u>Hall</u>, the Fourth District, in <u>Gordon</u>, <u>Pomaski</u>, and <u>L.O.J.</u>, allowed the trial courts to exercise their discretion on remand. <u>See</u> <u>Gordon</u>, 24 So. 3d at 728 (reversing and remanding for the trial court to vacate either the grand theft or dealing in stolen property offense, and resentence the defendant, having been adjudicated guilty of both offenses following a plea of nolo contendere); <u>Pomaski</u>, 989 So. 2d at 722-23 (reversing and remanding for the trial court—which found the defendant guilty of both grand theft and dealing in stolen property and withheld adjudication following a no contest plea—to determine whether either offense is supported by the record); <u>L.O.J.</u>, 974 So. 2d at 493-94 (reversing and remanding for the trial court to vacate either the dealing in stolen property delinquency adjudication or the delinquency adjudications of the grand thefts, which had resulted from a plea of no contest).

**This Case**

As a threshold matter, we find that Anucinski is not precluded from raising her claim that her dual adjudications of guilt violate section 812.025 even though the argument was not raised in the trial court. We conclude that Anucinski's grand theft and dealing in stolen property offenses, which involved the theft of a ring and the pawning thereof the same day, were "in connection with one scheme or course of conduct" under section 812.025. <u>See</u> <u>Blackmon</u>, 121 So. 3d at 548 n.17 (finding that "one scheme or course of conduct" was satisfied where the defendant took

steel bars and approximately two hours later sold them to a scrap yard). Therefore, the trial court erred in adjudicating Anucinski guilty of both grand theft and dealing in stolen property, following her open plea of guilty or no contest, contrary to section 812.025. See Hall, 826 So. 2d at 271 ("[W]e find that section 812.025 prohibits a trial court from adjudicating a defendant guilty of both theft and dealing in stolen property in connection with one scheme or course of conduct pursuant to a plea of nolo contendere."); Blackmon, 121 So. 3d at 548; Williams, 121 So. 3d at 534.

With regard to the appropriate remedy, we follow the remedy we articulated in Hall.[6] We hold that the trial court should be allowed to exercise its discretion in vacating the adjudication of guilt of either theft or dealing in stolen property, and to resentence the defendant on the remaining count. In exercising its discretion, the trial court on remand is to decide whether the defendant is a "common thief," i.e., the defendant had the intent to appropriate the property to her own use or to the use of any person not entitled to the use of the property, or a "trafficker," i.e.,

---

6. Without mentioning this Court's decision in Hall, the dissent argues that Anucinski's lesser offense should be vacated and that the Court "approved a result [in Blackmon] that inexplicably is totally at odds with the result reached by the majority here." Dissent op. at 12-13. However, instead of requesting a remand to the trial court for it to exercise its discretion in vacating either count, the Petitioner in Blackmon argued that he was entitled to a new trial because the jury was allowed to return guilty verdicts on both offenses, which we rejected. 121 So. 3d at 540, 549.

the defendant had the intent to traffic or endeavor to traffic in the stolen property. Finding the defendant to be a "common thief" requires the court to vacate the dealing in stolen property count. On the other hand, finding the defendant to be a "trafficker" requires the court to vacate the theft count. The trial court on remand need not conduct an evidentiary hearing on this matter where the record before it is sufficient for it to exercise its discretion. Accordingly, we remand for the trial court to vacate either Anucinski's adjudication of guilt of her grand theft count or of her dealing in stolen property count, and to resentence her on the remaining count.

## CONCLUSION

Based on the foregoing, we quash the Second District Court's decision in Anucinski, and approve our decision in Hall as well as the decisions of the Fourth District in Pomaski, L.O.J., and Gordon. We remand this case for proceedings consistent with this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, POLSTON, and PERRY, JJ., concur. CANADY, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

CANADY, J., dissenting.

In this case we consider the proper remedy on appeal when a defendant—who has entered an unbargained-for, open plea to the court—is improperly convicted of both theft and dealing in stolen property "in connection with one scheme or course of conduct," contrary to section 812.025, Florida Statutes (2009), but the defendant failed to preserve the error in the trial court.  Because I conclude that the proper remedy is to vacate the conviction of the lesser offense,[7] I would approve the result reached by the Second District Court of Appeal.

Generally, Florida law requires offenders to be "sentenced separately for each criminal offense" committed "in the course of one criminal transaction or episode."  § 775.021(4)(a), Fla. Stat. (2009).  In enacting this rule, the Legislature intended "to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection [§ 775.021](1) to determine legislative intent."  § 775.021(4)(b), Fla. Stat. (2009).  "Exceptions to this rule of construction are: 1. Offenses which require identical elements of proof.  2. Offenses which are degrees of the same offense as provided by statute.  3. Offenses which are lesser offenses

---

7. The lesser offense is either the offense of a lesser degree—here, the third-degree grand theft rather than the second-degree dealing in stolen property—or, if the offenses are of the same degree, the offense with the lesser severity ranking under the Criminal Punishment Code.  See § 921.0022(3)(a), Fla. Stat. (2009).

the statutory elements of which are subsumed by the greater offense." Id. When one of these exceptions comes into play, dual convictions are understood to be double jeopardy violations. An additional exception to the general rule of separate sentences for each offense exists in section 812.025—the statute at issue here— which provides that a defendant may be convicted of either theft or dealing in stolen property, but not both, where those charges relate to "one scheme or course of conduct."

When dual convictions are impermissibly imposed in violation of section 775.021(4)(b), the proper remedy is to vacate the lesser conviction. See Pizzo v. State, 945 So. 2d 1203, 1206 (Fla. 2006) ("When an appellate court determines that dual convictions are impermissible, the appellate court should reverse the lesser offense conviction and affirm the greater."); State v. Barton, 523 So. 2d 152, 153 (Fla. 1988) (stating that when "one of two convictions must fall, we hold that the conviction of the lesser crime should be set aside").

As I have previously explained, "[t]here is no more harm [when the lesser conviction is vacated due to a violation of section 812.025] than there is under section 775.021(4) when impermissible dual convictions have been returned and the conviction for the lesser offense has been set aside." Williams v. State, 121 So. 3d 524, 535 (Fla. 2013) (Canady, J., dissenting). Therefore, when impermissible dual convictions for theft and dealing in stolen property are imposed, the remedy

should also be to vacate the lesser conviction. The majority has never provided a cogent explanation for why impermissible dual convictions under section 812.025 should be treated differently than impermissible dual convictions under section 775.021(4)(b). And, indeed, the majority in recent cases has not been consistent in its approach to this issue.

Recently, in <u>Blackmon v. State</u>, 121 So. 3d 535 (Fla. 2013), the Court approved a result that inexplicably is totally at odds with the result reached by the majority here. Blackmon was charged with both theft and dealing in stolen property after he took steel bars from the side of the road and sold them to a scrap yard hours later. <u>Id.</u> at 538-39. At trial, the jury was not instructed that it could only return a guilty verdict for either theft or dealing in stolen property in connection with one scheme or course of conduct, and Blackmon did not request such an instruction. <u>Id.</u> at 539. The jury found Blackmon guilty of both theft and dealing in stolen property. <u>Id.</u> The trial court thereafter adjudicated Blackmon guilty of both offenses and sentenced him for each offense. <u>Id.</u> Blackmon did not bring section 812.025 to the trial court's attention, and he did not object to the dual convictions or sentences. <u>Id.</u>

On review, we held that although the trial court erred in failing to instruct the jury on the rendering of dual convictions and in adjudicating Blackmon guilty of both offenses in connection with one scheme or course of conduct, the error was

not preserved by Blackmon, and it was not fundamental error such that we would require a new trial or resentencing. Id. at 548-49. Therefore, we approved the decision of the district court, vacating the conviction for the lesser offense. Id. at 549. In doing so, we noted that the remedy "was consistent with the remedy in double jeopardy contexts." Id. at 549 n.18 (citing Pizzo, 945 So. 2d at 1206).

Anucinski was also charged with theft and dealing in stolen property in connection with one scheme or course of conduct. Anucinski v. State, 90 So. 3d 879, 880 (Fla. 2d DCA 2012). By way of her guilty plea, she admitted committing both offenses, and she stipulated that the State could prove each offense beyond a reasonable doubt. The convictions resulting from her plea are no different than convictions resulting from a jury verdict. See Boykin v. Alabama, 395 U.S. 238, 242 n.4 (1969) ("A plea of guilty is more than a voluntary confession made in open court. It also serves as a stipulation that no proof by the prosecution need b[e] advanced . . . . It supplies both evidence and verdict, ending controversy."); McCrae v. State, 395 So. 2d 1145, 1154 (Fla. 1980) ("[O]nce a plea . . . has been accepted by a court, it is the conviction and the only remaining step is the formal entry of judgment and the imposition of sentence."); Robinson v. State, 373 So. 2d 898, 902 (Fla. 1979); Reyes v. Kelly, 224 So. 2d 303, 306 (Fla. 1969) ("[W]e think that the plea of guilty in this situation is correctly accorded the effect of a jury verdict . . . ."). Like Blackmon, Anucinski did not object to the dual convictions

and sentences, and she did not bring section 812.025 to the attention of the trial court.

The trial courts in each of these cases erred in entering convictions for both theft and dealing in stolen property in connection with one scheme or course of conduct. In each case the error was neither preserved nor fundamental so as to require resentencing. The cases are indistinguishable except for the inconsequential fact that Anucinski's improper dual convictions were the result of an open plea rather than a trial. Requiring trial courts "in plea cases to determine which crime a defendant is 'more guilty of' seems illogical when no such analysis is required [when improper dual convictions are rendered] after a jury verdict." Anucinski, 90 So. 3d at 882. Therefore, there is no reason to impose a different remedy here than we did in Blackmon.

Accordingly, I would approve the decision of the Second District Court of Appeal directing that the conviction for the lesser crime be vacated.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

    Second District - Case No. 2D10-3557

    (Collier County)

Howard L. Dimmig, II, Public Defender, and Alisa Smith, Assistant Public Defender, Tenth Judicial Circuit, Bartow, Florida,

    for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Robert Jay Krauss, Bureau Chief, and Sara Elizabeth Macks, Assistant Attorney General, Tampa, Florida,

for Respondent