B.L. Thomas, C.J.
Appellant, Michael Earl Thomas, raises two issues in connection with his judgments and sentences in these six appeals, which we have consolidated for disposition. Following Appellant's conviction in case number 1D16-3188 of armed burglary with actual possession of a firearm, two counts of dealing in stolen property, and two counts of false verification of ownership to a pawnbroker, Appellant entered open guilty pleas to several burglary, theft, false verification, and dealing in stolen property counts in the five remaining cases. Appellant now argues on appeal that the trial court erred in adjudicating him guilty of both dealing in stolen property and theft based on the same conduct in two of the cases, and challenges the imposition of certain unannounced fees and costs in all six cases.
With respect to the dual adjudications for dealing in stolen property and theft in case numbers 1D16-3189 and 1D16-3190, the State properly concedes error. Pursuant to section 812.025, Florida Statutes, a court is precluded from allowing a defendant to plead guilty to both offenses if they are based on a single course of conduct. Anucinski v. State , 148 So.3d 106, 110 (Fla. 2014). Here, the dual convictions in case number 1D16-3189 for grand theft and dealing in stolen property were both based on the same gas compressor, which Appellant stole from a pawnshop and then sold at another pawnshop approximately twenty minutes later. Similarly, the dual convictions in case number 1D16-3190 for petit theft and dealing in stolen property were based on a lawnmower stolen from one pawnshop and sold at another within an hour. Because it is undisputed that these dual offenses are based on a single course of conduct, Appellant is entitled to have one of the adjudications in each of the two cases vacated. See id. We therefore remand for the court to exercise its discretion in determining which one of the two offenses in each case to vacate, and to resentence Appellant accordingly. See Hall v. State , 826 So.2d 268, 272 (Fla. 2002).
As to fees and costs, Appellant challenges three assessments in the written judgments and sentences for each of the six cases: a discretionary fine pursuant to section 775.083(1), Florida Statutes ; a surcharge pursuant to section 938.04(1), Florida Statutes ; and a Sheriff's Office Investigative Cost pursuant to section 938.27(1), Florida Statutes. The State correctly concedes that the discretionary fines and surcharges were not specifically pronounced at sentencing and therefore must *1161 be stricken. See Carmichael v. State , 192 So.3d 640, 641 (Fla. 1st DCA 2016) ; Mills v. State , 177 So.3d 984, 988 (Fla. 1st DCA 2015). On remand, the trial court may strike the fine and surcharge in each case and enter a corrected judgment and sentence, or may reimpose them after following the proper procedure. Mills , 177 So.3d at 988.
Regarding the Sheriff's Office Investigative Cost, the State argues that, although there was no request on the record for the imposition of this cost in any of the cases, affirmance is proper because the arrest report in each case showed the actual cost incurred. We disagree. Section 938.27(1), Florida Statutes, expressly provides that "convicted persons are liable for payment of the costs of prosecution, including investigative costs incurred by law enforcement agencies ... if requested by such agencies ." (Emphasis added.) Based on the plain language of the statute, the investigative costs must be stricken, and they may not be reimposed on remand. Vaughn v. State , 65 So.3d 138, 139 (Fla. 1st DCA 2011).
Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion.*
Osterhaus and Winsor, JJ., concur.

The trial court attempted to grant Appellant's motions to correct sentencing error raising these issues, but did so outside the jurisdictional 60-day time frame provided in Florida Rule of Criminal Procedure 3.800(b), such that its orders were without legal effect. Williams v. State , 72 So.3d 285 (Fla. 1st DCA 2011). On remand, we direct the court to strike these orders. See id.