# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-5189
_____

FRANKLIN VEREEN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
Robert R. Wheeler, Judge.

March 28, 2019

PER CURIAM.

Franklin Vereen was convicted of sexual battery and was sentenced to twenty-four years in prison. On appeal, he does not challenge his convictions, but he argues that his sentence was unlawful. As the State concedes, we must reverse as to the challenged fines and surcharges. But we reject Vereen's remaining arguments and affirm the rest of his sentence.

At trial, the victim testified that she was sleeping in her car and awoke to find Vereen next to her holding a gun. Vereen forced her into the back seat and then drove her car to a nearby ATM. Vereen took her ATM card from her purse and demanded her PIN. He then wrapped his shirt around his face before approaching the ATM and attempting a withdrawal. Her account lacked funds, though, so Vereen left with no cash. He then drove the victim to an

apartment complex and told her she had to "give up" something else. Vereen forced the victim to perform a sexual act on him, after which Vereen forced intercourse. Vereen then drove to another apartment complex, tossed the victim a wet shirt, and told her to clean herself up. He then walked away, after telling the victim if she started her car before he was out of sight, he would kill her.

Vereen testified in his defense, offering an entirely different version of events. He agreed that he and the victim spent some time in her car together, doing drugs. They had intercourse and she performed a separate sexual act. And they later went to the ATM together, hoping to get money to buy more drugs. But he insisted that he was never armed and that everything they did together was consensual.

The jury believed the victim. It convicted Vereen of two counts of sexual battery, and the court imposed two consecutive twelve-year terms of imprisonment, one for each sexual battery.

I.

Vereen first argues that he was sentenced in violation of his Sixth Amendment rights. He relies on *Alleyne v. United States*, in which the United States Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 570 U.S. 99, 103 (2013). In calculating Vereen's lowest permissible sentence under the Criminal Punishment Code, the court included eighty victim-injury points for sexual penetration. § 921.0024(1)(a), Fla. Stat. Those points had the necessary effect of increasing Vereen's lowest permissible sentence. Yet as Vereen explains, there was no jury finding of penetration. The information alleged alternatively Vereen's "penetration of" *or* "union with" the victim's mouth and vagina, and the jury never specified on which basis it convicted. Thus, Vereen contends, *Alleyne* precludes assessment of penetration points, which raise his lowest permissible sentence. 570 U.S. at 115-16 ("The essential point is that the aggravating fact produced a higher range, which, in turn, conclusively indicates that the fact is an element of a distinct and aggravated crime. It must, therefore, be submitted to the jury and found beyond a reasonable doubt.").

Even assuming *Alleyne* applies to victim-injury points under Florida's Criminal Punishment Code—*but compare Bean v. State*, 44 Fla. L. Weekly D219 (Fla. 4th DCA Jan. 9, 2019) (finding *Alleyne* inapplicable to "scoring of victim injury points") *with Lakey v. State*, 172 So. 3d 989 (Fla. 5th DCA 2015) ("Because the jury did not make a specific finding of penetration rather than union, it was improper to include points for penetration.")—this does not provide a basis for reversal here. Here, any error in assessing penetration points without a jury finding would have been harmless. "An *Alleyne* error is harmless if the record demonstrates beyond a reasonable doubt that a rational jury would have found the fact required to impose the mandatory minimum term." *Britten v. State*, 181 So. 3d 1215, 1218 (Fla. 1st DCA 2015); *see also Galindez v. State*, 955 So. 2d 517, 522 (Fla. 2007). We are convinced that, under the facts of this case, no rational jury would have convicted Vereen of sexual battery without also finding penetration. The victim's testimony, which was essential to the conviction, provided evidence of penetration. And Vereen's own testimony—including his acknowledgment that the victim "sucked" on him—also would have led a rational jury to find penetration. Penetration was not a disputed issue; Vereen's defense was that she consented to the penetration. Any error in failing to ask the jury about penetration was harmless.

## II.

Next, we reject Vereen's argument regarding a procedural due process violation at the sentencing hearing. The officer who prepared the Presentence Investigation Report ("PSI") noted in the report—and testified at the hearing—that she recommended a downward-departure sentence. The victim, who had not participated in the PSI process, testified at the hearing and asked for a substantial sentence. Then, in response to questioning from the State, the officer who recommended the downward departure said her recommendation "probably" would have been different had she first heard from the victim.

Despite any change in recommendation, Vereen had the opportunity to question the officer, to present his own witnesses in mitigation, and to argue in favor of leniency. Moreover, the PSI itself noted that the victim had not participated in the PSI process

but would be presenting at the sentencing hearing. Having reviewed the record, we conclude Vereen received "fair notice and a real opportunity to be heard at a meaningful time and in a meaningful manner." *Crosby v. Fla. Parole Comm'n*, 975 So. 2d 1222, 1223 (Fla. 1st DCA 2008). There was no procedural due process violation.

## III.

Finally, Vereen argues that the court erred in imposing discretionary fines and surcharges pursuant to sections 775.083 and 938.04(1), Florida Statutes, without first orally pronouncing them. We accept the State's confession of error on this point. *See Thomas v. State*, 236 So. 3d 1159, 1160 (Fla. 1st DCA 2018) (holding that discretionary fines that are not specifically pronounced must be stricken). On remand, the court may strike the challenged fines and surcharges, or it "may reimpose them after following the proper procedure." *Id.*

AFFIRMED in part, REVERSED in part, and REMANDED.

ROWE, BILBREY, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Michael Ufferman, Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

Ashley B. Moody, Attorney General, and Daniel Krumbholz, Assistant Attorney General, Tallahassee, for Appellee.

4