587 So.2d 561 (1991)
FLORIDA PUBLIC SERVICE COMMISSION, Appellant,
v.
PRUITT, HUMPHRESS, POWERS & MUNROE ADVERTISING AGENCY, INC., Appellee.
No. 90-3592.
District Court of Appeal of Florida, First District.
October 4, 1991.
*562 Susan F. Clark, Gen. Counsel, David E. Smith, Director of Appeals; Martha C. Brown, Associate Gen. Counsel, Tallahassee, for appellant.
Gary J. Anton of Stowell, Aton & Kraemer, Tallahassee, for appellee.
SMITH, Judge.
The Public Service Commission (PSC) appeals a final judgment in garnishment awarding Pruitt, Humphress, Powers & Munroe Advertising Agency, Inc., the plaintiff and judgment creditor, the sum of $6,224.40 from the garnishee, Apalachicola State Bank. The sum was held by the bank in the name of the defendant and judgment debtor, St. George Island Utility Company, in a water tap escrow account. The joint signatories on the account were Ed Mingledorff, President of Apalachicola State Bank, and Steve Tribble, Director of Records and Reporting for the PSC. We find that the judgment was erroneously entered, and reverse.
After recovering a judgment in excess of $140,000 against the utility, among others, the advertising agency caused a writ of garnishment to be issued and served on the garnishee bank. The bank answered that it held a water tap escrow account in the name of the utility and that it did not know whether the account was owned by the utility, the PSC or the customers of the utility and "that defendant [the utility] does not have control of the account." Because the advertising agency did not file a reply to the answer, for purposes of this proceeding the answer must be taken as true. § 77.061, Fla. Stat. (1989).
Pursuant to sections 77.055 and 77.06, Florida Statutes (1989), the advertising agency served a copy of the writ and the bank's answer upon the defendants and others named in the garnishee's answer as having an interest in the garnished account. In the case of the PSC, the notice was sent to the attention of Steve Tribble.[1] When the advertising agency received no response from the PSC or the utility, it moved for default and judgment on the pleadings. A hearing was held at which the PSC appeared, through counsel.[2] There is no transcript of the hearing. Thereafter, the court entered its final judgment in garnishment.
At the outset, we note that the proceeding below was a hearing on a motion for judgment on the pleadings, not a trial. As this court explained in Bradham v. Hayes *563 Enterprises, Inc., 306 So.2d 568, 570-1 (Fla. 1st DCA 1975):
The purpose of the motion for judgment on the pleadings is to permit a trial judge to examine the allegations of the bare pleadings and determine whether there are any issues of fact based thereon. If the bare pleadings reveal that there are no facts to be resolved by a trier of facts then the trial judge is authorized to enter a judgment based upon the uncontroverted facts appearing from the pleadings as applied to the applicable law. Needless to say, if the pleadings reveal issues of fact then a judgment on the pleadings may not be properly entered.
The answer of the garnishee bank clearly provides that the utility account garnished in this case was a water tap escrow account over which the utility did not have control, and the ownership of which was unknown. At oral argument, counsel for the advertising agency agreed as a matter of law, that funds in an escrow account are not subject to garnishment except where all conditions of the escrow have been completed and the funds without dispute are due to the judgment debtor. Cosentino v. Elson, 263 So.2d 253, 254 (Fla. 3d DCA 1972). It therefore follows that the garnishment must be reversed because the bank's answer reveals issues of fact regarding the ownership and control of the escrow account and the answer does not establish as a matter of law that the funds were due to the utility. See Huckabee v. Pic Investigations Corp., 262 So.2d 474 (Fla.3d DCA 1972).
The advertising agency is subrogated to the utility's rights against the garnishee bank and may only recover from the garnishee that which the utility could recover from the garnishee. The writ of garnishment only makes the garnishee liable for debts due to the defendant and "for any tangible or intangible personal property of defendant in his possession or control at the time of the service of the writ... ." § 77.06(1), Fla. Stat. (1989). There is no basis in the pleadings filed from which the trial court could reasonably conclude as a matter of law that the bank had in its possession any personal property of the utility. Neither was the advertising agency entitled to a final judgment based upon the PSC's default, since a party against whom a default is entered admits only the well-pleaded facts as true. The well-pleaded facts contained in the bank's answer do not entitle the advertising agency to a final judgment in garnishment.
Notwithstanding the state of the pleadings as outlined above, the advertising agency urges this court to affirm, contending that because the PSC did not furnish a transcript of the hearing below, it has failed to preserve a sufficient record on appeal to overturn the decision of the court below, which must be presumed to be correct. However, this appeal does not concern issues of fact which were resolved adversely to the PSC in the final judgment, but involves the question whether the pleadings as a matter of law entitle the advertising agency to a judgment in garnishment. A judgment which is fundamentally erroneous on its face may be appealed despite the lack of a transcript. Southeast Bank, N.A. v. Steves, 552 So.2d 292, 293 (Fla. 2d DCA 1989).
REVERSED and REMANDED for further proceedings.
ZEHMER and KAHN, JJ., concur.
NOTES
[1] According to one authority, service of the notice under section 77.055 to other persons named in the garnishee's answer, does not make the other persons parties because it is not a process, and the party obtaining the writ of garnishment should implead the other persons so that their claims can be adjudicated. Trawick's Florida Practice and Procedure, § 33-4, Responses to writ (1990).
[2] Although the PSC did not file any paper or response below, acts normally required in order to constitute an appearance and give party status for purposes of appeal, we have nevertheless concluded that the PSC's appearance through counsel at the hearing, and the trial court's final judgment which adjudicates the PSC's interest in the escrow account, are sufficient to grant the PSC party status for purposes of this appeal. See generally Trawick's Florida Practice and Procedure, § 8-1, Definitions (1990). However, we urge the PSC, for its protection in the future, to file a document in actions which affect its interests.