*825
 
 PER CURIAM.
 

 A jury found Defendant guilty as charged of both grand theft and dealing in stolen property, which property was the subject of the grand theft. The trial court, correctly recognizing that a defendant cannot be convicted and sentenced for both offenses,
 
 [1]
 
 did not adjudicate Defendant guilty of the lesser offense (grand theft) or sentence Defendant for that offense. The trial court’s procedure was proper pursuant to this court’s holding in
 
 Ridley v. State,
 
 407 So.2d 1000 (Fla. 5th DCA 1981), that the remedy in this situation is to reverse the less serious conviction. Accordingly, we affirm the conviction for dealing in stolen property. We certify conflict with
 
 Kiss v. State,
 
 42 So.3d 810 (Fla. 4th DCA 2010) (certifying conflict with
 
 Ridley).
 

 AFFIRMED; CONFLICT CERTIFIED.
 

 SAWAYA, LAWSON and COHEN, JJ., concur.
 

 [1]
 

 . Section 812.025, Florida Statutes (2010), precludes such a result: "Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.”