PER CURIAM.
As amended on the Court’s own motion, we authorize for publication and use instruction 14.2 (Dealing in Stolen Property (Fencing)) of the Standard Jury Instructions in Criminal Cases, on an interim basis. We have jurisdiction. See art. V, § 2(a), Fla. Const.
In Williams v. State, 121 So.3d 524, 2013 WL 4555586 (Fla.2013), we held that when the offenses of both theft and dealing in stolen property are submitted to the jury, the jury must be instructed in accordance with section 812.025, Florida Statutes (2008). Id. at 12-13. Section 812.025, “Charging theft and dealing in stolen property,” provides as follows:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
§ 812.025, Fla. Stat. (2012) (emphasis added).[1]
In light of our decision in Williams, we hereby authorize on an interim basis the publication and use of instruction 14.2 (Dealing in Stolen Property (Fencing)) as amended and set forth in the appendix to this opinion.[2] In doing so, we express no opinion on the correctness of the instruc *521 tion and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions, nor contesting the legal correctness of the instruction. We further caution all interested parties that any comments associated with the instruction reflect only the opinion of the Committee on Standard Jury Instructions in Criminal Cases and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining, and deleted language is struck-through. This interim instruction is authorized for use immediately and until further order of the Court.
We specifically request comments on the amended instruction from the Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee), along with any suggested changes that the Committee deems appropriate. We also welcome comments from any other interested parties. All comments shall be filed with the Court no later than sixty days from the date of this opinion.[3]
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
14.2 DEALING IN STOLEN PROPERTY (FENCING)
§ 812.019(1), Fla. Stat.
To prove the crime of Dealing in Stolen Property (Fencing), the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) [trafficked in] [endeavored to traffic in] (property alleged).
2. (Defendant) knew or should have known that (property alleged) was stolen.

Inferences. Give if applicable. § 812.022(2), Fla. Stat.

Proof of possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.

*522
Inferences. Give if applicable. § 812.022(3), Fla. Stat.

Proof of the purchase or sale of stolen property at a price substantially below the fair market value, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that the property had been stolen.

Inferences. Give if applicable. § 812.022(4.), Fla. Stat.

Proof of the purchase or sale of stolen property by a dealer in property, out of the regular course of business or without the usual indicia of ownership other than mere possession, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that it had been stolen.

Inferences. Give if applicable. § 812.022(5), Fla. Stat.

Proof that a dealer who regularly deals in used property possesses stolen property, upon which a name and phone number of a person other than the offer- or of the property are conspicuously displayed, gives rise to an inference that the dealer possessing the property knew or should have known that the property was stolen.

Inferences. Give if applicable. § 812.022(6), Fla. Stat.

Proof that a person was in possession of a stolen motor vehicle and that the ignition mechanism of the motor vehicle had been bypassed or the steering wheel locking mechanism had been broken or bypassed, unless satisfactorily explained, gives rise to an inference that the person in possession of the stolen motor vehicle knew or should have known that the motor vehicle had been stolen.

Definitions.

§ 812.012(3), Fla. Stat.

“Property” means anything of value, and includes:
real property, including things growing on, affixed to and found in land; tangible or intangible personal property, including rights, privileges, interests, and claims; and services.

§§ 812.012(6), 812.028(3), Fla. Stat.

“Stolen property” means property that has been the subject of any criminally wrongful taking or if the property has not been stolen, that it was offered for sale to (defendant) as stolen property.

§ 812.012(7), Fla. Stat.

“Traffic” means:
to sell, transfer, distribute, dispense or otherwise dispose of property; and to buy, receive, possess, obtain control of or use property with the intent to sell, transfer, distribute, dispense or otherwise dispose of that property.

Give if both theft and dealing in stolen property are submitted to the jury:

You will receive separate verdict forms for theft and dealing in stolen property as the defendant was charged with both crimes.
If you find that the State has not proven theft and dealing in stolen property, then you are to find the defendant not guilty of both offenses.
If you find that the State has proven theft, but not dealing in stolen property, then you are to find the defendant guilty of theft and not guilty of dealing in stolen property.
*523 If you find that the State has proven dealing in stolen property, but not theft, then you are to find the defendant guilty of dealing in stolen property and not guilty of theft.
If you find that the State has proven both theft and dealing in stolen property, you must then decide whether both offenses were in connection with one scheme or course of conduct. “One scheme or course of conduct” means that there was no clearly disjunctive interval of time or set of circumstances which meaningfully disrupted the flow of the defendant’s conduct.
If you find that both theft and dealing in stolen property were proven by the State, and the offenses were not in connection with one scheme or course of conduct, then you are to find the defendant guilty of both theft and dealing in stolen property.
If you find that both theft and dealing in stolen property were proven by the State, and the offenses were in connection with one scheme or course of conduct, then the defendant must be convicted of either theft or dealing in stolen property. In making your decision, you must determine whether the defendant is more of a common thief or more of a trafficker. This determination rests on the defendant’s intended use of the stolen property. The defendant is a “common thief’ if [he][she] had the intent to appropriate the property to [his][her] own use or to the use of any person not entitled to the use of the property. The defendant is a “trafficker” if [he][she] had the intent to traffic in the stolen property. If you find the defendant more of a “common thief,” then you are to find the defendant guilty of theft only. If you find the defendant more of a “trafficker,” then you are to find the defendant guilty of dealing in stolen property only.
Lesser Included Offenses
[[Image here]]
Comment
This instruction was adopted in 1981 and amended in 1989 [543 So.2d 1205], and in 2007, by adding the iinferences § 812.022(2)-(6), Fla. Stat., and 2013. m

. Section 812.025 was enacted by the Florida Legislature during the 1977 legislative session and has not been amended since. See Ch. 77-342, § 9, Laws of Fla.

. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court’s website at www. floridasupremecourt.org/jury-instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

. All comments must be filed with the Court on or before October 28, 2013, with a certificate of service verifying that a copy has been served on the Criminal Instructions Committee Chair, The Honorable Joseph Anthony Bu-lone, c/o Bart Schneider, Office of the General Counsel, 500 S. Duval Street, Tallahassee, Florida 32399-1925, schneidb@flcourts.org. A separate request for oral argument should accompany the comment if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until November 18, 2013, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Elec-ironic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.