QUINCE, J.
This case is before the Court for review of the decision of the Second District Court of Appeal in Williams v. State, 66 So.3d 360 (Fla. 2d DCA 2011), which certified to this Court three questions of great public importance. Id. at 361.[1] We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We rephrase the certified questions as follows:
1. MUST A TRIAL COURT INSTRUCT THE JURY PURSUANT TO SECTION 812.025, FLORIDA STATUTES (2008), WHEN BOTH THEFT *526 AND DEALING IN STOLEN PROPERTY OFFENSES ARE SUBMITTED TO THE JURY?
2. IF A TRIAL COURT DENIES A DEFENDANT’S REQUEST FOR A JURY INSTRUCTION UNDER SECTION 812.025, MUST THE DEFENDANT BE GIVEN A NEW TRIAL IF THE JURY CONVICTS THE DEFENDANT OF BOTH THEFT AND DEALING IN STOLEN PROPERTY CONTRARY TO SAID STATUTE?
We answer both rephrased questions in the affirmative. Accordingly, we quash the decision of the Second District in this case.
I. FACTS AND PROCEDURAL HISTORY
On the evening of August 8, 2008, the victim discovered that her house had been broken into and that two video game systems, games, about thirty DVDs, and a digital camera were taken from her house. The intruder entered and exited the home through the kitchen window. Melvin Williams’ fingerprints were on a PVC pipe which had been used by the victim to secure the kitchen window. The next afternoon, Williams sold a video game system and games to a pawn shop for $40. For this transaction, Williams signed the pawn shop’s contract, affixed his thumbprint to the contract, and presented his driver’s license. The items Williams sold to the pawn shop were positively identified by the victim.
The State charged Williams with one count of burglary of an unoccupied dwelling; one count of grand theft, a third-degree felony; one count of dealing in stolen property, a second-degree felony; and one count of providing false information to a pawnbroker. After the State presented its case-in-chief, Williams moved for a judgment of acquittal. According to Williams, the State failed to present: a prima facie case that he committed the burglary, evidence that he knowingly possessed the items, evidence that he falsified information on the pawnbroker form, and sufficient evidence of value. The trial court denied Williams’ motion. Williams did not put on a defense.
Based on section 812.025, Florida Statutes, Williams requested that the jury be given the following instruction:
CHARGING THEFT AND DEALING IN STOLEN PROPERTY
An information may charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts, but you may return a guilty verdict on one or the other, but not both, of the counts.
Williams’ request apprised the trial judge of pertinent language from our decision in Hall v. State, 826 So.2d 268 (Fla.2002):
Section 812.025 allows the State to charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts, but the trier of fact must then determine whether the defendant is a common thief who steals property with the intent to appropriate said property to his own use or to the use of a person not entitled to the use of the property or whether the defendant traffics or endeavors to traffic in the stolen property.
Id. at 271. As to this proposed jury instruction, the following exchange took place:
DEFENSE COUNSEL: ... The issue is that Dealing [in] stolen property or Grand Theft should be decided by the trier of fact.
THE COURT: They will be, both of them will be.
DEFENSE COUNSEL: Right. But the jury, based upon Florida Statute *527 812.025 which reads that a person can be only convicted of one or the other, then the next step is for the jury to determine one or the other and that [is] decided by the jury, not later on by the Court once a conviction is made.
THE COURT: Negative. I’m not doing that. There’s no standard jury instruction, nor do these cases abrogate the ability of this Court and, indeed, the responsibility of this Court to properly evaluate this issue as a matter of law. We are not going to convert this jury into lawyers. It would be entirely confusing for this jury to be given this conflicting, contrasting instruction that has not yet been reviewed and ultimately approved or blessed by the Florida Supreme Court. As such, I’m not submitting this issue to the jury, but I will reserve jurisdiction to address this issue, which is well-raised and timely raised, at the appropriate time after the jury has considered all the evidence.
DEFENSE COUNSEL: Your Honor, specifically, if I may, ... Hall v. State I believe addresses that particular issue ....
THE COURT: Do any of these eases say that the Court can’t properly go back and fix this issue as a matter of law after the jury has rendered its verdict?
DEFENSE COUNSEL: Yes, Your Honor, one does say that.
THE COURT: And which one would that be?
DEFENSE COUNSEL: It would be Hall that I provided to the court....
THE COURT: I note for the record that our Supreme Court, despite having raised this issue in 2002 in the Hall case has not yet seen fit to encourage our Florida Bar committee on criminal jury instructions to properly write an instruction as it relates to section 812.025 of the Florida Statutes. I find this to be abysmal in light of the fact that this jury must be properly instructed in accordance with Florida law and no jury instruction has yet been crafted by that committee or approved by the Florida Supreme Court. I profess a complete lack of any understanding as to any valid justification for the lack of action by this committee and/or the Florida Supreme Court.
I will on this record encourage that committee and, indeed, our Florida Supreme Court to fulfill the responsibilities incumbent upon those bodies to properly give guidance to these trial courts and these juries as it relates to Florida law. That’s all I’m going to say about that, because this is not good, folks, because there is no guidance whatsoever other than these cases, Hall, that say, Oh, yeah, you’ve got to do this, trial court. We’re not going to tell you how to do it, just figure it out....
But I just don’t think saying you may return a guilty verdict for one or the other but not both would be essentially telling the jury, well, it’s either grand theft, either he took all this, or he sold some of if [sic] to a pawn broker. There’s no way they’re going to be able to make that determination without getting confused....
DEFENSE COUNSEL: The jury has to make the decision....
THE COURT: [The proposed instruction, which was taken] right out of the Hall case ... is woefully inadequate as it relates to this very complicated issue of law....
THE COURT: So despite the wording of the Hall court, we, the trial court, are left in this dilemma. And it is a dilemma that I will solve as follows:
I’m denying the defense request for the jury instruction finding that, as written, it is woefully inadequate. I fur *528 ther find that there is no way humanly possible for this Court to ... craft a lawful instruction given the absence of guidance from our appellate courts....
I will take action and entertain a proper defense motion as it relates to this very issue subsequent to the jury reaching a verdict, but before judgment is entered as it relates to the defendant, if, indeed that is even necessary....
DEFENSE COUNSEL: Well, Your Honor, the defense in the closings wouldn’t be able to say, Look, Members of the jury, you can find him guilty of Grand Theft or Dealing in Stolen Property if we’re not going—
THE COURT: No. You’re being precluded from that given the Court’s ruling.
(Emphasis added.)
The trial court instructed the jury on the standard jury instructions — which were relied on by the State and do not refer to section 812.025 or otherwise instruct a jury that it is precluded from finding a defendant guilty of both dealing in stolen property and theft “in connection with one scheme or course of conduct.” § 812.025, Fla. Stat. (2008).[2]
Williams was convicted of all of the charges. Thereafter, Williams asked the trial court to dismiss the dealing in stolen property conviction; the State objected. In dismissing the grand theft conviction, the lesser of the two offenses, the trial judge stated:
I will merge and dismiss Count II, which is Grand Theft Third Degree, into Count III, which is dealing in Stolen Property, as it was the same property as was proven to the satisfaction of the jury. Clearly, to sentence this defendant on both would be multiplicious for sentencing purposes only. As such, I will deny the motion to merge and dismiss Count III into Count II, but will grant, as pretty much I always do, dismiss the Grand Theft Third Degree finding that it is subsumed within Count III, Dealing in Stolen Property.
Accordingly, the trial court adjudicated Williams guilty of dealing in stolen property, burglary, and providing false information to a pawnbroker. Williams was sentenced to fifteen years in prison for the dealing in stolen property conviction and fifteen years in prison for the burglary conviction, which were ordered to run concurrently with each other. The trial court also imposed a five-year prison term for providing false information to a pawnbroker, which was ordered to run consecutively to the fifteen-year sentences.
On appeal to the Second District, relying on Kiss v. State, 42 So.3d 810 (Fla. 4th DCA 2010), Williams argued that he was entitled to a new trial because the trial court denied his requested instruction modeled after section 812.025.[3] Williams v. State, 66 So.3d 360, 362 (Fla. 2d DCA 2011). The Second District observed that “trial courts have been attempting to fulfill the apparent substantive intent of [section 812.025] by obtaining factual determinations from the jury on both [dealing in stolen property and theft] and then entering a judgment of conviction and a sentence on the greater charge.” Id. at 361. If “a trial court overlooks this statute, on appeal this court has consistently reversed only the lesser offense and, if necessary, remanded the case for resentencing without consideration of the lesser offense.” *529 Id. at 362. Consequently, the district court held that the trial court below “did not err in following established precedent.” Id. at 368. The district court maintained that the trial court was not obligated to give the requested instruction because the language contained in section 812.025 was “not an adequate jury instruction” and “doubt[ed] that there [was] any adequate method to instruct on this statute.” Id. The district court continued:
This statute does not prevent a court from entering a judgment.... Instead, it essentially prevents a jury from checking a box on a verdict form to disclose its findings of fact as to one of two charges. Significantly, the legislature has given neither the jury nor the trial court any guidance on which of the two boxes the jury should leave empty. This lack of any criteria for the jury’s determination is very problematic.
[[Image here]]
If [the Florida Legislature] intended the jury to have the discretion to pick either the greater or the lesser offense for any or no reason, the rule would seem to be impermissibly arbitrary.
In many respects, the core problem with this statute is that it is attempting to require the trial court to have the finder of fact make decisions that simply are not factual decisions.
Id. at 363-64. The district court explained that a new trial is an unnecessary remedy:
The factual determinations of the prior jury appear to be without error. All that remains is to select one offense or the other as the offense resulting in a judgment and sentence. The courts have been following the policies of double jeopardy as to this issue. Even if we concluded that we must select the offense with the lesser degree or the lesser penalty, a new trial would not be warranted.
Id. at 365 (footnote omitted). The Second District concluded as follows:
[T]he procedural requirements in section 812.025 are unenforceable to the extent that the statute (1) attempts to establish a procedure by which a jury does not return a factual finding announcing a verdict of guilty on each of the two separately charged offenses despite its determination that the State has proven the offenses beyond a reasonable doubt and (2) requires the jury to make this selection without any legal criteria or factual basis.
Id. at 361. Accordingly, the Second District affirmed the trial court’s dismissal of Williams’ grand theft conviction, expressly recognized conflict with the Fourth District Court of Appeal in Kiss, and certified three questions of great public importance to this Court. Id. at 361, 365.[4]
II. ANALYSIS
The question before us is whether a jury must be instructed, in accordance with section 812.025, Florida Statutes (2008), that it cannot find a defendant guilty of both dealing in stolen property and theft “in connection with one scheme or course of conduct” when both offenses are submitted to the jury. We further decide whether a defendant is entitled to a new trial on dealing in stolen property and theft, having been convicted of both offenses after the trial court denied the defendant’s request for a jury instruction modeled after section 812.025. This Court’s interpretation of a statute is a purely legal matter and subject to a de novo standard of review. Curd v. Mosaic Fertilizer, LLC, 39 So.3d 1216, 1220 (Fla.2010).
*530 Section 812.025, Florida Statutes, provides:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
§ 812.025, Fla. Stat. (2008). In Blackmon v. State, 121 So.3d 535, 2013 WL 4555655 (Fla.2013), we rejected the defendant’s contention that he was entitled to a new trial after being convicted of both petit theft and dealing in stolen property contrary to section 812.025, Florida Statutes (2009). Id., at 541.[5] Notably, the defendant in Blackmon “did not request a jury instruction under section 812.025.” Id. at 548. We determined that the First District Court of Appeal properly reversed that defendant’s petit theft conviction while upholding his dealing in stolen property conviction. Id. at 541.
Whether Trial Courts Must Instruct under Section 812.025?
Williams asks this Court to find that trial courts must instruct juries on section 812.025. When a statute is clear, this Court need not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent. State v. Burris, 875 So.2d 408, 410 (Fla.2004). The plain and ordinary meaning of the words of a statute must control. Marrero v. State, 71 So.3d 881, 887 (Fla.2011).
In Blackmon, we expressly found that the trial court erred “in failing to instruct the jury on the rendering of dual convictions contrary to section 812.025.” Blackmon, at 548. The Florida Legislature’s intent as to section 812.025 is clear: the trier of fact is precluded from returning guilty verdicts on both “theft and dealing in stolen property in connection with one scheme or course of conduct,” notwithstanding that the State has proven both offenses beyond a reasonable doubt. § 812.025, Fla. Stat. (2008). Under section 812.025, “the trier of fact must make a choice” as to
whether the defendant is a common thief who steals property with the intent to appropriate said property to his own use or to the use of a person not entitled to the use of the property or whether the defendant traffics or endeavors to traffic in the stolen property.
Hall v. State, 826 So.2d 268, 271 (Fla.2002). Simply put, the fact-finder must be aware that it cannot convict a defendant of both dealing in stolen property and theft “in connection with one scheme or course of conduct.” As noted by the Fourth District, “the state is not entitled to have the jury convict ... of both dealing in stolen property and grand theft. The statute does not permit this option. To conclude otherwise would make the language of the statute meaningless.” Kiss, 42 So.3d at 812 (emphasis added).
It is important to note that with three exceptions, the State is “to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity ... to determine legislative intent.” § 775.021(4)(b), Fla. Stat. (2008).[6] As section 812.025 conflicts with *531 such intent, it is paramount that our trial courts assist in giving the proper effect to section 812.025. Thus, in light of the plain language expressed in the statute, we conclude that trial courts have an obligation to instruct the jury on section 812.025 when both theft and dealing in stolen property counts are submitted to the jury. See Ridley v. State, 407 So.2d 1000, 1002 (Fla. 5th DCA 1981) (“[W]e read Florida Rule of Criminal Procedure 8.505[7] with section 812.025, Florida Statutes (1979), to require that the trial judge should have instructed the jury that guilty verdicts could not be returned as to both counts.”).
We note that the Legislature has failed to give any guidance pertaining to how a jury should proceed in convicting a defendant of either dealing in stolen property or theft pursuant to section 812.025, when both offenses were proved by the State beyond a reasonable doubt and were “in connection with one scheme or course of conduct.”[8] In Hall, we explained that section 812.025
allows the State to charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts, but the trier of fact must then determine whether the defendant is a common thief who steals property with the intent to appropriate said property to his own use or to the use of a person not entitled to the use of the property or whether the defendant traf-fies or endeavors to traffic in the stolen property.
826 So.2d at 271 (emphasis added). The language we utilized in Hall was a hybrid of the relevant language contained in section 812.025, and the theft and dealing in stolen property statutes:
Section 812.025
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
§ 812.025, Fla. Stat. (2008) (emphasis added).
Theft
A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit from the property.
(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
§ 812.014, Fla. Stat. (2008) (emphasis added).[9]
Dealing in Stolen Property
*532 Any person who traffics in, or endeavors to traffic in, property that he or she knows or should know was stolen ....
§ 812.019(1), Fla. Stat. (2008) (emphasis added). To “traffic” is “[t]o sell, transfer, distribute, dispense, or otherwise dispose of property.” § 812.012(8)(a), Fla. Stat. (2008). Alternatively, to “traffic” is “[t]o buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property.” § 812.012(8)(b), Fla. Stat. (2008) (emphasis added).
As we explained in Hall, the trier of fact must determine the defendant’s intent when deciding to convict a defendant of either theft or dealing in stolen property:
The linchpin of section 812.025 is the defendant’s intended use of the stolen property. The legislative scheme allows this element to be developed at trial and it is upon this evidence that the trier of fact may find the defendant guilty of one or the other offense, but not both. The legislative scheme is clear and the same legislative rationale militates against allowing a defendant to plead guilty to inconsistent counts, i.e., stealing property with intent to use under section 812.0H or stealing properiy with intent to traffic in the stolen goods pursuant to section 812.019. Just as the trier of fact must make a choice if the defendant goes to trial, so too must the trial judge make a choice if the defendant enters a plea of nolo contendere to both counts. Legislative history leads us to believe that this comports with legislative intent. Thus, we find that section 812.025 prohibits a trial court from adjudicating a defendant guilty of both theft and dealing in stolen property in connection with one scheme or course of conduct pursuant to a plea of nolo contendere.
Hall, 826 So.2d at 271 (emphasis added).
Proposal from the Supreme Court Committee on Standard Jury Instructions In Criminal Cases
As we stated above, the current standard jury instruction for dealing in stolen property under section 812.019(1) fails to inform the jury that it is precluded from finding a defendant guilty of both theft and dealing in stolen property “in connection with one scheme or course of conduct.” See Fla. Std. Jury Instr. 14.2 (Crim.). However, in the May 15, 2011, edition of The Florida Bar News, the Supreme Court Committee on Standard Jury Instructions In Criminal Cases (“Committee”) published a proposed amendment to Florida Standard Jury Instruction 14.2 (Criminal), adding the following language:
Give if jury is also instructed on theft for crime committed in same scheme or course of conduct....
You will receive separate verdict forms for theft and dealing in stolen property because the defendant is charged with both crimes. However, if the theft and the dealing in stolen property consisted of the same property,[10] which was stolen and trafficked during one scheme or course of conduct, Florida law places limits on a jury’s authority to find the defendant guilty of both crimes.
If you find the defendant committed theft and dealing in stolen property of the same property during one scheme or course of conduct and you also find the defendant stole the property with the intent to appropriate the property to [his][her] own use, you should find [him] [her] guilty only of theft.[11]
*533 If you find the defendant committed theft and dealing in stolen property of the same property during one scheme or course of conduct and you also find that the defendant intended to traffic in the stolen property, you should find [him][her] guilty only of dealing in stolen property.
If you find the theft and the dealing in stolen property did not consist of the same property or were not part of one scheme or course of conduct, you may find the defendant guilty of both crimes. Theft and dealing in stolen property consist of one scheme or course of conduct if they involve the same property and there is no meaningful disruption via an interval of time or set of circumstances.[12]
This Case
The jury convicted Williams of grand theft and dealing in stolen property, among other offenses.[13] As to grand theft and dealing in stolen property, the information alleged as follows:
[Grand theft:] between the 8th day of August, 2008, and the 9th day of August, 2008 ... [Williams] did knowingly and unlawfully obtain or use, or endeavor to obtain or use certain property of another, to-wit: two video systems, miscellaneous video games and DVD’s, the property of [the victim], the value of said property being three hundred ($300.00) dollars or more, but less than five thousand ($5,000.00) dollars in money ... and in so doing the defendant intended either to permanently or temporarily deprive the said [victim] of a right to the property or a benefit therefrom, or to appropriate the property to his own use or to the use of any person not entitled thereto.
[Dealing in stolen property:] on the 9th day of August, 2008 ... [Williams] did unlawfully traffic or endeavor to traffic in stolen property, to-wit: two video systems, miscellaneous video games and DVD’s the property of [the victim], a further description of said property being to the State Attorney unknown, and in so doing the defendant knew or should have known that said property was stolen.
Thus, the specific items stated in these two counts were identical. The evidence at trial, however, established that Williams sold to the pawn shop only some of the items that he had taken from the victim’s house the day prior.[14]
After thoroughly reviewing the record, we conclude that the dealing in stolen property and grand theft offenses were “in connection with one scheme or course of conduct” as there was no “clearly disjunctive interval of time or set of circumstances” “to meaningfully disrupt the flow” of Williams’ conduct. Rife v. State, 446 So.2d 1157, 1158 (Fla. 2d DCA 1984); see also Stallworth v. State, 538 So.2d 1296 (Fla. 1st DCA 1989) (reversing the defendant’s grand theft conviction for stealing *534 two television sets and trafficking in one of the televisions four days later); Jones v. State, 453 So.2d 1192, 1194 (Fla. 3d DCA 1984) (reversing the convictions for grand theft and dealing in stolen property “[s]ince the theft of the car and the stereo and the sale of the stereo two days later were all a portion of the same scheme or course of conduct”). Having determined that these offenses were “in connection with one scheme or course of conduct,” we conclude that the dual convictions in the instant case violated section 812.025. See Blackmon, at 548 & n. 17 (finding that the dealing in stolen property and petit theft convictions, which were committed “in connection with one scheme or course of conduct,” violated section 812.025).
“[T]rial courts have an obligation to instruct the jury on section 812.025 when both theft and dealing in stolen property counts are submitted to the jury.” See supra, at 531. In this case, we find that the trial judge erred in denying Williams’ request for an instruction which would have informed the jury that it could not return guilty verdicts for both theft and dealing in stolen property in connection with one scheme or course of conduct. Further, the trial judge erred in precluding counsel for Williams from asserting during closing arguments that the jury could find Williams guilty of theft or dealing in stolen property.
We next determine if the errors were harmless. “This Court has defined the harmless error test as placing ‘the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.’ ” Ibar v. State, 938 So.2d 451, 466 (Fla.2006) (quoting State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986)).
Here, it is significant that Williams specifically requested a jury instruction under section 812.025—unlike the defendant in Blackmon—which would have prevented the jury from returning the improper dual convictions. See Carter v. Brown & Williamson Tobacco Corp., 778 So.2d 932, 942 (Fla.2000) (“Absent a finding to the contrary, juries are presumed to follow the instructions given them.”). Had the trial court granted Williams’ request, the jury could have acquitted him of dealing in stolen property while convicting him of grand theft. As the Fourth District in Kiss stated, “[The] failure to instruct the jury on section 812.025 puts the defendant at a disadvantage.” Kiss, 42 So.3d at 813 (citing Anderson v. State, 2 So.3d 303, 304 (Fla. 4th DCA 2008) (Klein, J., concurring specially)). We find that the State has failed to meet its burden of showing that the errors were harmless. It cannot be said that the State has proved beyond a reasonable doubt that the jury would have come to the same decision if instructed under section 812.025. Accordingly, Williams is entitled to a new trial on the dealing in stolen property and grand theft counts.
III. CONCLUSION
For the reasons discussed above, we quash the decision of the Second District Court of Appeal in this case.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, LABARGA, and PERRY, JJ., concur.
CANADY, J., dissents with an opinion.

.The Second District asked:
1. MUST THE TRIAL COURT INSTRUCT THE JURY TO PERFORM THE SELECTION PROCESS DESCRIBED IN SECTION 812.025 OF THE FLORIDA STATUTES?
2. IF SO, MUST THE APPELLATE COURT ORDER A NEW TRIAL ON BOTH OFFENSES IF THE TRIAL COURT FAILS TO GIVE THE INSTRUCTION? 3.IF THE APPELLATE COURT IS NOT REQUIRED TO MANDATE A NEW TRIAL, MUST IT REQUIRE THE TRIAL COURT TO SELECT THE GREATER OFFENSE OR THE LESSER OFFENSE WHEN THE TWO OFFENSES ARE OFFENSES OF DIFFERENT DEGREES OR OF DIFFERENT SEVERITY RANKING?
Id. at 365.

. The State also argued that not all of the items taken from the victim’s home were sold to the pawn shop by Williams.

. Williams was tried before the Fourth District Court of Appeal issued its decision in Kiss.

. See supra, footnote 1.

. Section 812.025 has not been amended since its enactment in 1977.

. The three exceptions are: (1) offenses which require identical elements of proof; (2) offenses which are degrees of the same offense *531 as provided by statute; and (3) offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense. Id.

. Florida Rule of Criminal Procedure 3.505 provides, "The state need not elect between inconsistent counts, but the trial court shall submit to the jury verdict forms as to each count with instructions applicable to returning its verdicts from the inconsistent counts.” Fla. R.Crim. P. 3.505.

. An instruction directing a jury to select one offense over the other based on their respective penalties is impermissible. See Fla. R.Crim. P. 3.390(a) ("Except in capital cases, the judge shall not instruct the jury on the sentence that may be imposed for the offense for which the accused is on trial.”).

. We acknowledge that "common thief” is not expressed in the theft statute.

. We note that section 812.025 does not impose a requirement of "the same property."

. Under the theft statute, one may have the intent to appropriate the property "to his or *533 her own use” or “to the use of any person not entitled to the use of the property." See § 812.014(l)(b), Fla. Stat. (2008).

.In In re Standard Jury Instructions in Criminal Cases-Instruction 14.2, 121 So.3d 520, 2013 WL 4555389 (Fla.2013), on our own motion, we have authorized the use of amended instruction 14.2 on an interim basis and have established a period for comments and suggestions.

. After the jury verdict, the trial court dismissed the grand theft conviction, which action was affirmed by the Second District. Williams, 66 So.3d at 365.

. It is unclear what Williams did with the remaining stolen items that were not part of the instant pawn shop transaction.