ON MOTION FOR REHEARING
PER CURIAM.
We deny the motion for rehearing en banc but sua sponte grant rehearing, withdraw our prior opinion, and substitute the following in its place.
McComas was convicted of armed burglary of a dwelling, dealing in stolen prop *142 erty, grand theft (of several items), possession of a firearm by a convicted felon, and grand theft of a firearm. For the armed burglary of a dwelling conviction, McCo-mas was sentenced to twenty years in prison with a ten-year minimum mandatory as a habitual felony offender. He was given concurrent prison sentences of less duration for all of the other convictions.
The dealing in stolen property conviction involved the sale of the firearm that was the subject of one of the grand theft charges, and both crimes were part of one scheme or course of conduct. In such instances, section 812.025, Florida Statutes (2011), prohibits convictions for both grand theft and dealing in stolen property. The State concedes in its response to the Motion for Rehearing that it was error to convict McComas of both offenses. In Haywood v. State, 73 So.3d 824, 825 (Fla. 5th DCA 2011), this court held that the less serious conviction for grand theft must be reversed. See also Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981). Accordingly, we reverse the conviction and sentence (five years in prison) for grand theft involving theft of the firearm and remand this case to the trial court to correct the judgment. The convictions and sentences for the other offenses previously mentioned are affirmed.
AFFIRMED in part, REVERSED in part; REMANDED.
SAWAYA, COHEN and BERGER, JJ, concur.