# Supreme Court of Florida

_____

No. SC12-1940
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES —
INSTRUCTION 14.2.**

[June 5, 2014]

PER CURIAM.

Previously in this case, the Court authorized on an interim basis, on its own

motion, amended instruction 14.2 (Dealing in Stolen Property (Fencing)) of the

Standard Jury Instructions in Criminal Cases. See In re Standard Jury Instructions

in Criminal Cases—Instruction 14.2, 121 So. 3d 520 (Fla. 2013).[1] The

amendments to this instruction were in response to this Court's decision in

Williams v. State, 121 So. 3d 524 (Fla. 2013), holding that when the offenses of

both theft and dealing in stolen property are submitted to the jury, the jury must be

instructed in accordance with section 812.025, Florida Statutes (2008). Id. at 530-

31. Because the Court amended the instruction on its own motion, the Court

allowed sixty days in which the Supreme Court Committee on Standard Jury

_____

1. We have jurisdiction. See art. V, § 2(a), Fla. Const.

Instructions in Criminal Cases (Committee) and other interested persons could file comments. In re Standard Jury Instructions in Criminal Cases—Instruction 14.2, 121 So. 3d at 521.

The Court received one comment and a response from the Committee. Having considered the comment and the Committee's response, we further amend instruction 14.2 as proposed by the Committee but with one modification. We decline to include the Committee's proposed language pertaining to when a person engages in more than one scheme or course of conduct, because the Court does not decide substantive issues in jury instruction cases, but rather allows the law to develop in actual cases and controversies.

Amended instruction 14.2, as set forth in the appendix to this opinion, is hereby authorized for publication and use.[2] New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of this instruction, we express no opinion on its correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal

2. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

correctness of the instruction.  We further caution all interested parties that any comments associated with the instruction reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.  The instruction as set forth in the appendix shall become effective immediately upon release of this opinion.

It is so ordered.


POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Honorable Joseph A. Bulone, Chair, Clearwater, Florida, and Honorable Jacqueline Hogan Scola, Past Chair, Standard Jury Instructions in Criminal Cases Committee, Miami, Florida, and Bart Schneider, Senior Attorney, Office of State Court Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## 14.2 DEALING IN STOLEN PROPERTY (FENCING)
§ 812.019(1), Fla. Stat.

**To prove the crime of Dealing in Stolen Property (Fencing), the State must prove the following two elements beyond a reasonable doubt:**

1.  (Defendant) **[trafficked in] [endeavored to traffic in]** (property alleged)**.**

2.  (Defendant) **knew or should have known that** (property alleged) **was stolen.**

*Inferences. Give if applicable. § 812.022(2), Fla. Stat.*
**Proof of possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.**

*Inferences. Give if applicable. § 812.022(3), Fla. Stat.*
**Proof of the purchase or sale of stolen property at a price substantially below the fair market value, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that the property had been stolen.**

*Inferences. Give if applicable. § 812.022(4), Fla. Stat.*
**Proof of the purchase or sale of stolen property by a dealer in property, out of the regular course of business or without the usual indicia of ownership other than mere possession, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that it had been stolen.**

*Inferences. Give if applicable. § 812.022(5), Fla. Stat.*
**Proof that a dealer who regularly deals in used property possesses stolen property, upon which a name and phone number of a person other than the offeror of the property are conspicuously displayed, gives rise to an inference that the dealer possessing the property knew or should have known that the property was stolen.**

*Inferences. Give if applicable. § 812.022(6), Fla. Stat.*

**Proof that a person was in possession of a stolen motor vehicle and that the ignition mechanism of the motor vehicle had been bypassed or the steering wheel locking mechanism had been broken or bypassed, unless satisfactorily explained, gives rise to an inference that the person in possession of the stolen motor vehicle knew or should have known that the motor vehicle had been stolen.**

*Definitions.*
*§ 812.012(3), Fla. Stat.*
**"Property" means anything of value, and includes:**

> **real property, including things growing on, affixed to and found in land;**
>
> **tangible or intangible personal property, including rights, privileges, interests, and claims; and**
>
> **services.**

*§§ 812.012(6), 812.028(3), Fla. Stat.*
**"Stolen property" means property that has been the subject of any criminally wrongful taking or if the property has not been stolen, that it was offered for sale to** (defendant) **as stolen property.**

*§ 812.012(7), Fla. Stat.*
**"Traffic" means:**

> **to sell, transfer, distribute, dispense or otherwise dispose of property; and**
>
> **to buy, receive, possess, obtain control of or use property with the intent to sell, transfer, distribute, dispense or otherwise dispose of that property.**

*Give if both theft and dealing in stolen property are submitted to the jury*:

**You will receive separate verdict forms for theft and dealing in stolen property as the defendant was charged with both crimes.**

If you find that the State has not proven theft and dealing in stolen property, then you are to find the defendant not guilty of both offenses.

If you find that the State has proven theft, but not dealing in stolen property, then you are to find the defendant guilty of theft and not guilty of dealing in stolen property.

If you find that the State has proven dealing in stolen property, but not theft, then you are to find the defendant guilty of dealing in stolen property and not guilty of theft.

If you find that the State has proven both theft and dealing in stolen property, you must then decide whether both offenses were in connection with one scheme or course of conduct. "One scheme or course of conduct" means that there was no ~~clearly disjunctive interval of time or set of circumstances which meaningfully disrupted the flow of the defendant's conduct~~<u>meaningful disruption of the defendant's conduct by either an interval of time or a set of circumstances</u>.

If you find that both theft and dealing in stolen property were proven by the State, and the offenses were not in connection with one scheme or course of conduct, then you are to find the defendant guilty of both theft and dealing in stolen property.

If you find that both theft and dealing in stolen property were proven by the State, and the offenses were in connection with one scheme or course of conduct, then the defendant must be convicted of either theft or dealing in stolen property. In making your decision, you must determine whether the defendant is more of a common thief or more of a trafficker. This determination rests on the defendant's intended use of the stolen property. The defendant is a "common thief" if [he][she] had the intent to appropriate the property to [his] [her] own use or to the use of any person not entitled to the use of the property. The defendant is a "trafficker" if [he][she] had the intent to traffic in the stolen property. If you find the defendant more of a "common thief," then you are to find the defendant guilty of theft only. If you find the defendant more of a "trafficker," then you are to find the defendant guilty of dealing in stolen property only.

## Lesser Included Offenses

| DEALING IN STOLEN PROPERTY — TRAFFICKING — 812.019(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | Grand theft — third degree | 812.014(2)(c) | 14.1 |
| | Petit theft — first degree | 812.014(2)(e) | 14.1 |
| | Petit theft — second degree | 812.014(3)(a) | 14.1 |

## Comment

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], 2007, by adding the inferences in § 812.022(2)-(6), Fla. Stat., ~~and~~ 2013 [121 So. 3d 520], and 2014.