LEVINE, J.
The issue presented is whether the trial court erred in entering a writ of garnishment upon appellant’s interest in a limited liability company. We find the garnishment was in violation of section 608.433(5) and therefore reverse.
Appellant Darlene A. Young and appel-lee Leslie Couture Levy were co-owners of Wear It’s At, LLC (“the company”), with Levy owning 51% and Young owning 49%. As a result of alleged differences in management style, Levy terminated Young from the business, and denied Young ac *1111 cess to the business premises and the business bank accounts.
Subsequently, Young sued Levy seeking an accounting, as well as injunctive relief and damages. The trial court, over Levy’s objection, granted Young’s request for an emergency preliminary injunction placing Young as a managing member with day-today control of the company, as well as immediate access and control of the financial affairs of the company. Further, the trial court set a bond at $5,000.
Levy moved to dissolve the injunction or, alternatively, increase the bond amount. The trial court vacated the emergency preliminary injunction, and this court affirmed. Young v. Levy, 63 So.3d 777 (Fla. 4th DCA 2011).
Levy next moved for attorneys’ fees, as well as having the bond disbursed to her. After several hearings, the trial court awarded Levy $41,409.45 in attorneys’ fees and the full $5,000 bond. Young appealed the attorneys’ fee award, and this court affirmed. Young v. Levy, 123 So.3d 579 (Fla. 4th DCA 2013).
Finally, Levy moved for a writ of garnishment for the attorneys’ fees judgment. The company, Wear It’s At, as garnishee, stated that it held $44,100 in its possession that was indebted to Young. Young filed a sworn claim of exemption from the garnishment, and Levy filed verified objections claiming that the notice of garnishment was properly provided.
The trial court entered an order denying Young’s claims of exemption, and issued a writ of garnishment ordering the company to disburse the garnished monies to Levy up to the sum needed to satisfy the judgment, with any excess monies going to Young. The trial court then denied Young’s motion to dissolve the writ. Young appeals the decision of the trial court to order the disbursement of monies to Levy through a writ of garnishment.
“On appeal, this court reviews a trial court’s application of a statute de novo and any of the trial court’s findings of fact under the competent substantial evidence standard of review.” Chackal v. Staples, 991 So.2d 949, 953 (Fla. 4th DCA 2008).
Young asserts that the trial court erred in allowing Levy to satisfy her attorneys’ fees judgment by obtaining a writ of garnishment against Young’s distributions from the company. Young asserts the plain language of section 608.433(5), Florida Statutes (2011), prohibits garnishment as a remedy in this case.
Section 608.433(5) provides:
Except as provided in subsections (6) and (7), a charging order is the sole and exclusive remedy by which a judgment creditor of a member or member’s as-signee may satisfy a judgment from the judgment debtor’s interest in a limited liability company or rights to distributions from the limited liability company.
“A charging order constitutes a lien on the judgment debtor’s limited liability company interest or assignee rights.” § 608.433(4)(b), Fla. Stat. (2011). Under a charging order, a judgment creditor has the right “to receive any distribution or distributions to which the judgment debtor would otherwise have been entitled from the limited liability company, to the extent of the judgment, including interest.” Id.
Levy first argues this court should affirm based on Young’s failure to provide a transcript of the hearing on Levy’s request for the garnishment. However, “[a] judgment which is fundamentally erroneous on its face may be appealed despite the lack of a transcript.” Fla. Pub. Serv. Comm’n v. Pruitt, Humphress, Powers & Munroe Adver. Agency, Inc., *1112 587 So.2d 561, 563 (Fla. 1st DCA 1991). Because Young does not appeal an issue of fact, but rather whether the trial court erred in finding the garnishment statute applicable to enforce the judgment, the lack of a transcript does not hinder this court’s review. See id.
Levy next argues that the distributions were “profits” or “dividends” subject to a writ of garnishment, and thus exempt from section 608.433(5). However, chapter 608 defines “interest” as “a member’s share of the profits and the losses of the limited liability company, the right to receive distributions of the limited liability company’s assets ....”§ 608.402(23), Fla. Stat. (2011) (emphasis added). Thus, even accepting Levy’s assertion that the distributions were “profits,” they were subject to section 608.433(5) because they represented Young’s interest in the limited liability company.
We find that the trial court did err in allowing Levy to utilize garnishment against Young’s distributions from the company. Because the company was a limited liability company, utilizing garnishment as a remedy to satisfy Levy’s judgment violated the plain language of section 608.433(5). Section 608.433(5) provides that “a charging order is the sole and exclusive remedy by which a judgment creditor of a member ... may satisfy a judgment from the judgment debtor’s interest in a limited liability company or rights to distributions.” (emphasis added).
“When a statute is clear, this Court need not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent.” Williams v. State, 121 So.3d 524, 530 (Fla.2013). “The plain and ordinary meaning of the words of a statute must control.” Id.
Under the plain language of this statute, only a charging order can be utilized to satisfy a judgment from a member’s interest in or distributions of a limited liability company. Accordingly, we reverse and remand for dissolution of the writ of garnishment.

Reversed and remanded.

MAY and CIKLIN, JJ., concur.