ON REMAND FROM THE FLORIDA SUPREME COURT
PER CURIAM.
This case was remanded by the Florida Supreme Court to this court for reconsideration of our prior opinion, Haywood v. State, 73 So.3d 824 (Fla. 5th DCA 2011), in light of the supreme court’s holdings in Blackmon v. State, 121 So.3d 535 (Fla.2013), and Williams v. State, 121 So.3d 524 (Fla.2013). Haywood v. State, No. SC11-2354, 2014 WL 4413043 (Fla. Sept. 8, 2014).
Defendant was charged with dealing in stolen property, third-degree grand theft, and receiving money from a pawnbroker by false verification of ownership or identification. At trial, Defendant requested that the jury be given the following special jury instruction based on section 812.025, Florida Statutes (2009):
Defendant is charged in count one of the information with Dealing in Stolen Property (trafficking) and in count two of the information with Grand Theft. “... the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.”
The trial court denied the instruction on the ground that it would have a tendency to mislead the jury as to what counts of the Information it should consider and advised that, should the jury return a verdict of guilty on both the dealing in stolen property and grand theft counts, it would deal with the issue at that time. When the jury found Defendant guilty as charged of all counts, the trial court’s solution was to not adjudicate Defendant of the lesser offense (grand theft). In light of Williams, this was error.
Section 812.025 is clear that the trier of fact cannot find a defendant guilty of both dealing in stolen property and the theft of that same property:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
§ 812.025, Fla. Stat. (2009). Although the standard jury instruction in effect at that time failed to inform the jury that it could not find a defendant guilty of both dealing in stolen property and theft in connection with one scheme or course of conduct,[1] “trial courts have an obligation to instruct the jury on section 812.025 when both theft and dealing in stolen property counts are *527 submitted to the jury.” Williams, 121 So.3d at 531. Defendant unsuccessfully requested such an instruction, thereby placing the burden on the State to prove the error in denying the request was harmless. Id. at 534. The State has not met its burden in this case.
Our review of the record shows that the items taken from the victim of the grand theft are the same items Defendant pawned, thus fulfilling the nexus requirement that the offenses were in connection with one scheme or course of conduct. As Defendant asserts, had the jury been properly instructed, it may have found Defendant guilty of only the lesser offense, grand theft. Hence, the error in not giving the requested instruction cannot be deemed harmless. Accordingly, Defendant is entitled to a new trial on the charges of dealing in stolen property and grand theft.
REVERSED and REMANDED for a new trial.
SAWAYA, LAWSON, and COHEN, JJ„ concur.

. In In re Standard Jury Instructions in Criminal Cases — Instruction 14.2, 121 So.3d 520, 523 (Fla.2013), the supreme court authorized the use of the following revision to the standard instruction in light of Williams v. State, 121 So.3d 524 (Fla.2013):
If you find that both theft and dealing in stolen property were proven by the State, and the offenses were in connection with one scheme or course of conduct, then the defendant must be convicted of either theft or dealing in stolen property. In making your decision, you must determine whether the defendant is more of a common thief or more of a trafficker. This determination rests on the defendant’s intended use of the stolen property. The defendant is a "common thief” if [he][she] had the intent to appropriate the property to [his] [her] own use or to the use of any person not entitled to the use of the property. The defendant is a "trafficker” if [he][she] had the intent to traffic in the stolen property. If you find the defendant more of a "common thief,” then you are to find the defendant guilty of theft only. If you find the defendant more of a "trafficker,” then you are to find the *527 defendant guilty of dealing in stolen property only.
Subsequently, in In re Standard Jury Instructions in Criminal Cases — Instruction 14.2, 140 So.3d 992 (Fla.2014), the supreme court adopted the language.